SHARPE *v.* SHARPE'S Administrator.

AGREED CASE.—Under section 386 of the code, parties may submit any matter of controversy to a court having jurisdiction of the subject in dispute, upon an agreed statement of facts, without pleadings, but an affidavit that the controversy is real is necessary to give the court jurisdiction.

APPEAL from the *Morgan* Common Pleas.

ELLIOTT, C. J.—The record before us, after entitling the cause as "*Harriet Sharpe* v. *James Sharpe,* administrator of *Joseph Sharpe,* deceased, proceeds thus: "Now comes the plaintiff," &c., "and the defendant also comes," &c., "and this cause is submitted to the court for trial on the following agreed statement of facts." Then follows the agree-

ment between the parties, and judgment of the court for the plaintiff. If any cause of action, or other pleading, was filed against the estate in the court below, it does not appear in the record. A question is presented by the agreement, but it does not appear that any issue was made between the parties involving such question. Section 386 of the code, (2 G. & H. 222,) authorizes parties, by agreement, "to submit any matter of controversy between them, to any court that would otherwise have jurisdiction of such cause, upon an agreed statement of facts, to be made out and signed by the parties; but it must appear by the affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties."[1] No pleadings are required in such cases, but the affidavit referred to is necessary to give the court jurisdiction of the case, and the power to hear and determine the question involved, and render judgment, without pleadings. But here the record does not show that such an affidavit was filed. No question, therefore, is properly presented for the decision of this court.

The appeal is dismissed, with costs.

*W. R. Harrison* and *W. S. Shirley,* for appellant.

*J. E. McDonald, A. L. Roache, D. Sheeks* and *F. P. A. Phillips,* for appellee.