MANCHESTER v. DODGE.

PRACTICE.—*Agreed Case.—Affidavit.—Jurisdiction.*—Where, under section 386, (2 R. S. 1876, p. 190,) of the practice act of this State, an agreed case is submitted by the parties, to a court, for decision, "it must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties," or the court will have no jurisdiction of the case.

SAME.—*Evidence.—Agreed Statement of.*—Where, in an action put at issue by the filing of pleadings, an agreed case is submitted by the parties, but the affidavit required by section 386 of the practice act is not filed therewith, such agreement can only be regarded, at most, as an agreed statement of evidence, and, if such evidence fails to sustain the material allegations of the complaint, a finding must be made for the defendant.

SAME.—*New Trial.—Supreme Court.*—The correctness of the finding on such agreed statement of evidence can be questioned only by a motion for a new trial, and, if no such motion be made, no question as to such finding is presented to the Supreme Court, on appeal.

From the Elkhart Circuit Court.

*J. M. Vanfleet*, for appellant.

*R. M. Johnson*, and *J. D. Osborn*, for appellee.

HOWK, J.—The appellant, as plaintiff, sued the appellee, as defendant, in this action, in the court below.

In her complaint, the appellant alleged, in substance, that her husband, William J. Manchester, held two notes executed by the appellee, to E. F. Dodge, Guardian, dated April 8th, 1867, for the sum of five hundred and fifty dollars each, one due in three and the other in six years from date, each drawing interest from two years after date, and waiving valuation and appraisement laws, and payable at the First National Bank of Goshen, Indiana; that said two notes were received by her husband, as appellant's agent; that on the 2d day of January, 1872, her said husband, by the name of John Manchester, recovered a judgment in the court of common pleas of Elkhart county, against the appellee for six hundred and forty dollars and twenty cents, and costs, on the first of said two

notes; that on the 17th day of April, 1873, the second of said notes being due and unpaid, and said judgment also unpaid, her said husband made and entered into a composition and compromise with the appellee, the appellant consenting thereto, by which her husband agreed that the appellee should pay the appellant the sum of eight hundred dollars, in notes, in full settlement of said judgment and costs and of said second note, on which there was then due the sum of fourteen hundred dollars; that said composition, compromise and settlement were brought about by the fraudulent representations of the appellee, that he had no property subject to execution, or that could be reached by process of law, that he owned no property, rights, credits or choses in action, except two hundred dollars' worth of household goods which were exempt from execution, and especially that his brother, Peleg S. Dodge, was not in any manner indebted to him, and that he had not transferred his property to said Peleg S. Dodge, with the intent to cheat, hinder or delay his creditors; that both the appellant and her said husband, believing and relying on said representations, were thereby induced to compromise and settle said claim as above set forth; that each and every one of said representations were known to be false by the appellee, and that his brother, Peleg S. Dodge, then owed him a large sum of money, and that appellee was then worth five thousand dollars, and had his property covered up in the name of said Peleg S. Dodge, and that he had since, to wit, on September 1st, 1873, received back from said Peleg S. Dodge, five thousand dollars' worth of personal property, and caused five thousand dollars' worth of real estate, belonging to him, to be conveyed by said Peleg S. Dodge to the appellee's wife; and that the appellant held a written assignment of said claims from her husband, which was filed with said complaint; wherefore appellant averred, that she was damaged in the sum of six hundred dollars by the said false and fraudulent representations of the

appellee, and that she had been to other great trouble and expense in employing counsel and attending court, and hence she asked for a judgment for exemplary damages in the sum of one thousand dollars, and for all other relief.

To this complaint the appellee answered, in substance, that he admitted the execution of the notes dated April 8th, 1867, as alleged in the complaint, but he averred that the same had been, and were, long prior to the alleged compromise and composition, fully paid, satisfied and discharged.

And, in the second paragraph of his answer, the appellee alleged, in substance, that he admitted the execution of said notes dated April 8th, 1867, but he averred, that the appellant ought not to recover in this action, because he said that said notes were secured by a mortgage executed by him, at the same date, upon his interest in certain real estate, a copy of which was filed with said paragraph, the appellee at the time being the owner of an interest in said real estate, as the heir at law of ——— Dodge, deceased; that afterward, on the 28th day of April, 1867, the appellee by deed, without warranty, a copy of which was therewith filed, conveyed his interest in, and delivered, said real estate so mortgaged to the appellant, who had knowledge of said mortgage which was then upon record, and who, with her husband, said William J. Manchester, thereafter executed a warranty mortgage upon all said lands to the appellee and others to secure the payment of a debt of three thousand five hundred dollars, as therein stated, a copy of which mortgage was therewith filed ; that thereafter, the payees of said debt and mortgage sold and assigned the same to Alexander Pope, who thereafter, at the March term, 1870, of the court below, sued the appellant and her said husband upon said debt, and foreclosed the said mortgage against them, and such proceedings were therein had as that a decree of foreclosure was duly entered

in said court upon said mortgage, and the said real estate
was by the court decreed to be sold to pay said debt, a
copy of which decree and judgment were therewith filed;
that afterward, the appellant failing to pay said mortgage
debt, such proceedings were therein had as that an order
of sale was duly issued by virtue of said decree, and all
said land was, by the sheriff of said county, duly sold by
virtue thereof to said Pope, and, the appellant failing to
redeem said land from said sale, the said sheriff duly ex-
ecuted to said Pope a deed conveying said lands to him
by virtue of such decree and sale, whereby the said lands
became and were chargeable in said Pope's hands as a
fund for the payment of said debt and mortgage, evi-
denced by said notes dated April 8th, 1867, so due to
said E. F. Dodge; that thereafter, on the 31st day of
August, 1871, the said Pope, so being the owner of said
lands, paid off the said notes and debt to said E. F.
Dodge, whereupon said Dodge, without any consideration
therefor, endorsed said notes to said Pope without re-
course on himself, and executed a release of said mort-
gage, which was duly recorded; that thereafter the said
Pope, still being the owner of said lands, without any
consideration, transferred said notes to William J. Man-
chester, the appellant's husband, without recourse on
himself, and said William J. transferred the same, with-
out any consideration paid to the appellant; and that
such payment by Pope operated as a release and dis-
charge of the debt, and the appellant was estopped, by
her mortgage and the deed to her, from enforcing pay-
ment from the appellee; wherefore, etc.

To this answer, the appellant replied in two paragraphs,
as follows:

1. A general denial; and,

2. The appellant admitted, that the appellee executed
the notes and mortgage mentioned in said answer, and
that appellee was the owner of the real estate mentioned
in said mortgage; and that the appellee, on the 28th day

of April, 1867, sold and conveyed said land to the appellant by deed, a true copy of which was set forth in said answer; but the appellant said, that said deed appeared, on its face, to be a warranty deed with general covenants, and bound the appellee to pay off said first mentioned encumbrance; and the appellant also admitted, that she and her husband gave back a mortgage on said land to secure the purchase-money, and that said mortgage and debt were assigned to Pope and foreclosed, and the title to said land divested, as set forth in said answer; and she says, that, after said Pope became invested with said title by foreclosure, he purchased and took an assignment of said notes of April 8th, 1867, and thereupon, to clear up the title to said lands, released said mortgage, holding the notes against the appellee personally; and that, in consideration that the appellant would and did make to him, said Pope, a deed for said land, he assigned said notes by endorsement without recourse to the appellant; and she denied all other allegations in said answer, not admitted or controverted in said reply.

And the action, being at issue, was submitted to the court below for trial, upon an agreed statement of facts; and the court found for the appellee, "to which conclusion of law from said facts" the appellant excepted.

And judgment was rendered by the court below, upon its finding, for the appellee, from which judgment this appeal is now prosecuted.

In this court, the only alleged error assigned by the appellant is, that the court below erred in its conclusion of law upon the agreed statement of facts.

To the proper consideration of the questions presented by this alleged error, a summary at least of this agreed statement of facts is almost indispensable; and we therefore give this summary, making it as brief as we can, with the view, at the same time, of making it intelligible.

"It is admitted," that the appellee executed the two notes of five hundred and fifty dollars each, dated April 8th,

Manchester v. Dodge.

1867, as alleged in the complaint, secured by the mortgage, as set forth in the answer, which mortgage was recorded before the sale hereinafter mentioned; that the appellee and wife conveyed his interest in the land so mortgaged to the appellant, by deed dated April 27th, 1867, whereby they " convey and warrant" unto the appellant " all their right, title and interest in and to " said land; and that, on the same day, the appellant and her husband executed and delivered back to the appellee a mortgage on said land to secure part of the purchase-price of said land; that the appellee owned an undivided interest of said land, as the heir at law of ——— Dodge, then deceased, and that the appellant had bought the undivided interest of the appellee's brothers, James S. and Peleg S. Dodge, and gave back said mortgage to appellee and his said brothers, to secure their several claims; that said mortgagees, appellee and his said brothers, sold and transferred said mortgage and the notes. secured thereby to Alexander Pope, who proceeded, in due form of law, to foreclose said mortgage; that said lands were sold, in due form of law, on said foreclosure, and were purchased by said Pope for the full amount of said debt, and were not redeemed, and that said Pope became invested with the legal title to the same by virtue of such sale and their non-redemption; that, after said Pope so became vested with the legal title, for the purpose of clearing the title to said lands, he paid off said notes made by appellee April 8th, 1867, and took an assignment of the same, they being secured by a mortgage on said land, (the interest of appellee in said land,) given by appellee at the date thereof, and prior to the sale of said land to the appellant; that said Pope, after he so became the holder of said notes of April 8th, 1867, and the mortgage securing them, released said mortgage in writing of record, with the express stipulation in said release stated, that he wished to hold said notes without security; that afterward said Pope, in consideration that appellant and her husband would and did

make him a quitclaim deed to said land, endorsed said notes to the appellant without recourse.

"It is agreed, that if, upon the above facts and evidence, said notes of April 8th, 1867, became an equitable charge on said lands, to be charged on them before resorting to defendant, either in the hands of plaintiff or said Pope, the defendant should recover; if, on the contrary, they did not become a charge on said land, and not paid in contemplation of law by said transfer and mortgage, the plaintiff is entitled to recover the face of said notes and interest, less a payment of eight hundred dollars, made April 17th, 1873."

It appears from a bill of exceptions which is properly in the record, that this cause was submitted to the court below for trial, not alone upon the "agreed statement of facts," but also upon what is termed "documentary evidence," referred to therein.

The case, as presented by the record, is rather an anomalous one. It is not an agreed case under our code of practice, for it does not "appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties." 2 R. S. 1876, p. 190, sec. 386.

In the case of *Sharpe* v. *Sharpe's Adm'r*, 27 Ind. 507, it was held by this court, that such an affidavit was necessary to give the court jurisdiction of the case. And, indeed, it could not well be held otherwise, for the language used in section 386, *supra*, is imperative. "It must appear by affidavit that the controversy is real, and the proceedings in good faith, to determine the rights of the parties."

Now, if we consider what is termed an agreed statement of facts as merely an agreed summary of the facts which the evidence would have established on a trial of the issues joined between the parties; if, in other words, we consider that the issues in this cause were submitted to the court below for trial, upon the evidence contained in

the agreed statement of facts and the documentary evidence, we are met with other difficulties.

Appellant's cause of action, as stated in her complaint, is the alleged false and fraudulent representations of the appellee, whereby the appellant was induced to compound and compromise the appellee's two notes of April 8th, 1867. Appellant has sued for damages resulting from these alleged representations, and for exemplary damages. She has not sued upon the notes, nor has she sought to have the alleged compromise of the notes set aside or declared null and void. But the gist of her complaint in this cause is, as before stated, the alleged false and fraudulent representations of the appellee, the damages she has sustained thereby, and the exemplary damages, for the recovery of which she has demanded judgment.

Very singularly, as it seems to us, the appellee's answer in this action is not responsive to the appellant's complaint.

The first paragraph of this answer is a general plea of payment of the notes of April 8th, 1867, long prior to the alleged composition and compromise; and the second paragraph of the answer, as we view it, is a special plea of payment, giving in detail the circumstances of such payment. But in neither paragraph of his answer was there even the slightest allusion by the appellee to the alleged false and fraudulent representations, wherewith he was charged by appellant, and which constituted the gravamen of her complaint.

It is evident, therefore, that, for some reason which is not clearly apparent, the appellee chose to consider the appellant's complaint in this action as a complaint on the two notes of April 8th, 1867, and answered it accordingly.

Now, if we consider the agreed statement of facts in this case as merely an agreed statement of the evidence on which this cause and the issues joined therein were

submitted to the court below for trial, it is manifest that this evidence would not sustain the averments of appellant's complaint. For, in this agreed statement, there is no mention of, or reference to, any false and fraudulent representations, or representations of any kind, of the appellee, whereby the appellant was induced to compound and compromise the two notes of April 8th, 1867. Indeed, this alleged composition and compromise are not mentioned, nor in any way alluded to, in the agreed statement of facts or evidence.

It would seem, that when this agreed statement was prepared, the parties had either forgotten what the appellant had sued for in this action, or else they then and thereby intended to submit to the court below for trial a cause of action entirely different from the one stated in appellant's complaint.

We incline to the opinion, that the parties did intend, by their agreed statement of facts, to submit to the court for trial a different cause of action from the one stated in appellant's complaint; and, if this statement had been accompanied by the affidavit required by section 386 of the practice act, *supra*, we might perhaps have considered it as a new and independent action.

As we can not, however, regard this as an agreed case, under our code, we have looked at it in what we consider the most favorable light for the appellant, and, viewed in this light, we are constrained to say, that, in our opinion, the court below did not err in the decision of this cause. For there was not a single item of fact or evidence adduced before the court below which tended, even remotely, to sustain the material averments of the appellant's complaint.

We have hitherto considered this case as if the alleged error assigned by the appellant fairly presented the questions before us; but this may well be doubted. It is true, that in an agreed case, properly prepared and submitted, under the requirements of section 386 of our practice act,

*supra,* we have held, that no motion for a new trial is necessary, and that a mere exception by the losing party to the decision of the court below, and the assignment of such decision as error in this court, would present the questions of law involved for our consideration. *Fisher* v. *Purdue,* 48 Ind. 323. But where, as in this case, the agreed statement of facts, for the want of the requisite affidavit, must be considered, if considered at all, as merely an agreed statement of the evidence, we incline to the opinion, though we need not now decide, that a motion for a new trial would be necessary, as in other cases.

Our conclusion in this case is, that there is no available error in the record, of which the appellant can complain.

The judgment of the court below is affirmed, at the appellant's costs.

Opinion filed at May term, 1877.

Petition for a rehearing overruled at November term, 1877.