## HARRIS v. BOONE.

PRACTICE.—*Striking Out Answer.*—*Harmless Ruling.*—It is harmless to strike out a special paragraph of answer, when there is a general denial already in covering the same ground.

PLEADING.—*Release.*—*Want of Consideration.*—It is a good reply to a paragraph of answer setting up a release, to allege that such release was given without consideration.

SAME.—*Release of Mortgage.*—*Failure of Consideration.*—In an action to foreclose a mortgage, for judgment on notes secured thereby, and for the cancellation of a release of such mortgage, S., the mortgagor, and H., a subsequent purchaser of the land, jointly answered setting up the release. To this answer a reply was filed, alleging, in substance, that on a certain date there was due the plaintiff, on the notes sued upon, a certain sum of money ; that on said day the defendants paid to the plaintiff a part thereof, leaving a balance due : that said defendants then proposed to the plaintiff that H. would assign to him a promissory note, which it was represented he held on a certain person, and that S. would execute his note to the plaintiff, in a certain sum, with surety, if the plaintiff would enter full satisfaction upon record and release the mortgage ; that they would meet the plaintiff next day at a certain place, and deliver said notes to him, which, when so delivered, were to be received as satisfaction in full of the notes and mortgage sued upon ; that, relying on said agreement, the plaintiff entered satisfaction of record and released the mortgage, which, by the agreement of the parties, was to be binding only upon the delivery of said notes as aforesaid ; that the plaintiff went to the place, at the time agreed upon, for the purpose of receiving said notes; that the defendants did not appear as agreed, but wholly failed to deliver said notes or either of them, and had since failed to deliver said notes, or ₊o pay the amount due plaintiff, although often requested, etc. *Held*, that the reply is sufficient.

NEW TRIAL.—*Cause for.*—Error in giving an instruction is merely cause for a new trial.

SAME.—*Motion for New Trial.*—*Practice.*—A motion for a new trial, which does not set out the written causes therefor, as required by the statute, presents no question.

From the Kosciûsko Circuit Court.

*J. S. Frazer, C. Cowgill, H. B. Shiveley, C. E. Cowgill, S. H. Buskirk* and *J. W. Nichol,* for appellant.

*J. D. Conner* and *J. D. Conner, Jr.,* for appellee.

BIDDLE, J.—Complaint in three paragraphs, by the ap-

pellee, against the appellant and George W. Small. The first paragraph is founded on a mortgage executed by Small and his wife, to the appellee, upon certain lands described, to secure the payment of. two several promissory notes executed by George W. Small to the appellee. The second paragraph is founded on the same mortgage and notes, averring that the mortgage had been released upon the mortgage record by the plaintiff upon certain conditions, which had not been complied with by the defendants. The third paragraph went out of the record by demurrer, and is not in the transcript. Prayer to cancel the release of the mortgage, for judgment on the notes, and a decree of foreclosure of the mortgage.

It appears that a demurrer had been filed to the first paragraph of the complaint, but upon what ground is not shown. There is no demurrer to either paragraph of the complaint in the transcript, and therefore no question is before us upon its sufficiency. Both defendants filed their joint answer in denial. Up to this point the proceedings were had in the Wabash Circuit Court. By a change of venue, the case was sent to Kosciusko Circuit Court. In the latter court the defendants jointly answered in three paragraphs :

1. A release of the mortgage ;

2. Payment ;

3. General denial ; and,

4. A separate paragraph of answer by Harris.

Reply :

1. By general denial to all the paragraphs of answer ;

2. That the release set up in the first paragraph of answer was given without any consideration ; and,

3. That the consideration for the release had failed.

Separate demurrers to the second and third paragraphs of reply for want of facts overruled ; and motion to strike out fourth paragraph of answer by Harris sustained. Trial by jury, verdict and judgment for appellee. Harris,

who was a subsequent purchaser of the land from Small, alone appeals.

The first assignment of error is, overruling separate demurrers to the complaint. This assignment, as we have seen, has no basis in the record.

The second assignment of error is, striking out the fourth paragraph of the appellant's separate answer to the complaint. This paragraph admits, specifically, the substantial allegations in the complaint, except that he was a party to the alleged release, and this part of the complaint he denies. Two general denials were already in, and still remain in the record, which cover the same ground. Striking out the fourth paragraph of answer, therefore, could not possibly have injured the appellant.

The third assignment of error is, overruling the demurrers to the second and third paragraphs of reply to the first paragraph of answer. The second paragraph or reply is, that the release was given without consideration. This is a good reply, and the demurrer to it was properly overruled.

The third paragraph of reply avers, that on the 26th day of September, 1871, there was due to the plaintiff, on the notes sued upon, the sum of three thousand and nineteen dollars and eighty-nine cents; that upon that day the defendants paid to the plaintiff thereon two thousand dollars, leaving still due one thousand and nineteen dollars and eighty-nine cents; that the defendants then represented to the plaintiff that Harris held a note on Johiel Whitesell, upon which was due five hundred and fifty dollars; that the defendants proposed to the plaintiff that Harris would assign said note on Whitesell to the plaintiff, and Small would execute his note to the plaintiff, with Daniel Butt as surety, for the balance due on the notes and mortgage in suit, if the plaintiff would enter full satisfaction upon record and release the mortgage; that they would meet the plaintiff next day in Wabash, and deliver said

notes to him, which, when so delivered, were to be received as satisfaction in full of the notes and mortgage aforesaid; that, relying on said agreement, the plaintiff entered said satisfaction of record and released the mortgage, which, by the agreement of the parties, was to be binding only upon the delivery of said notes as aforesaid; that, in accordance with said agreement, the plaintiff went to Wabash at the time agreed upon, for the purpose of receiving said notes; that neither of said defendants appeared as they had agreed to, but wholly failed to deliver said notes, or either of them, to the plaintiff; nor have they, or either of them, paid the said amount to the plaintiff, as they agreed to do, and, although often requested, still refuse to deliver said notes or pay said amount to plaintiff. Wherefore, etc.

We think the court did not err in overruling the demurrer to this reply. It appears to us to be sufficient.

The fourth assignment of error is, that the court erred in giving instructions to the jury, asked for by the appellee. This is not an assignment of error, but a cause for a new trial, as we have so often decided.

The fifth assignment of error is, overruling the appellant's motion for a new trial. There are no written causes filed with the motion for a new trial, as required by the statute, in the transcript. Consequently, no question is presented by the motion.

We have thus examined and decided the several questions presented by the record, in which we find no error.

The judgment is affirmed, at the costs of the appellant.