No. 10,540.

THE WARRICK BUILDING AND LOAN ASSOCIATION

v. HOUGLAND.

90   115
149   553

AGREED CASE.—*Practice.—Supreme Court.*—An agreed case, under section 553, R. S. 1881, does not require any pleadings, and, if pleadings be filed, they should be disregarded; nor can any question be made upon them in the Supreme Court.

SAME.—*Exceptions.—Assignment of Error.*—In such case, exception to the decision of the court below shown by the record, and an assignment of error upon such decision, will present the case to the Supreme Court.

SAME.—*Presumption.*—In such case, the Supreme Court will decide for itself upon the agreed statement of facts, and will not indulge presumptions in support of the judgment of the trial court, as in other cases.

SAME.—*Building and Loan Associations.—Borrower.—Stock.*—An agreed statement of facts which shows the date at which a member of a building and loan association not in arrears paid his loan, before maturity, but does not show when the association was organized, or when the series of stock on which the loan was made was issued, presents no question as to the amount of premium which should be refunded to him under the act of 1877, Acts 1877, p. 7.

From the Warrick Circuit Court.

*C. W. Armstrong* and *J. B. Cockrum,* for appellant.

*E. Gough,* for appellee.

BLACK, C.—The appellee filed in the court below a complaint against the appellant, and at the same time filed an

agreed statement of facts, entitled like the complaint, and accompanied by an affidavit "that the controversy is real in this action and the proceedings in good faith."

The record states that the cause was submitted to the court upon the agreed statement of facts, and that the court, having heard the argument of counsel and being sufficiently advised in the premises, found for the plaintiff, and assessed his damages at $31.60; and thereupon judgment was rendered against the defendant for said sum, to which judgment the defendant excepted.

The appellant has assigned as errors:

*First.* That the facts as set out in the complaint of the appellee and as set out in the record are not sufficient to constitute a cause of action against the appellant.

*Second.* That the facts as agreed upon by the appellant and appellee in the court below, and as set out in the record, are not sufficient to support the judgment against the appellant.

*Third.* That the facts as averred in the complaint, and as agreed to in the statement of facts as set out in the record, are not sufficient to support the judgment against the appellant or to constitute a cause of action in favor of the appellee against the appellant.

*Fourth.* That the court erred in its conclusions of law upon the facts as submitted upon the agreed statement of the appellee and the appellant, and as set out in the record.

The proceeding was an agreed case under section 553, R. S. 1881. In such a case, no pleadings are contemplated by the statute. *Sharpe* v. *Sharpe*, 27 Ind. 507. It is intended that the agreed statement of facts shall serve the purpose of all the pleadings used in an ordinary action to evolve an issue for trial. It is to be considered as showing the facts of the controversy, though they should constitute a different cause of action in favor of the plaintiff from that shown by an accompanying complaint. *Manchester* v. *Dodge*, 57 Ind. 584.

No complaint was necessary to inform the defendant as to the plaintiff's claim, or to inform the court as to the question

to be tried. The record expressly shows that the cause was submitted upon the agreed statement. Upon that alone, as was proper, the decision was based.

The complaint performed no office in the cause, and its insufficiency could not affect the case, and can not be assigned here as error.

In such a case, there must be an exception to the decision of the court upon the agreed statement of facts, in order to reserve any question for this court. *Fisher* v. *Purdue,* 48 Ind. 323 ; *Lofton* v. *Moore,* 83 Ind. 112.

Upon appeal, the decision of the trial court upon the agreed statement of facts must in some form be assigned as error.

The agreed facts were stated as follows :

" 1st. That one Park White was the owner of one share of said association's stock.

" 2d. That he borrowed said share, $200, and paid for the privilege of the loan a premium of $47.

" 3d. That he repaid his loan on the 5th day of April, 1881, when the association refunded to him one-sixth of the premium.

" 4th. That said White assigned to said George Hougland, in writing, his claim against said association for balance of premium, amounting to $31.60.

" 5th. It is also agreed that the prevailing party shall recover costs, though the recovery shall be less than $50.

" 6th. That said Park White was not in arrears for dues, interest, fines or assessments at the time of the repayment of said loan."

Where a cause appealed to this court was tried upon an agreed statement of facts, this court, having the same means of arriving at a decision that was had by the trial court, will not indulge the presumptions which are indulged in favor of the decision of the trial court upon oral evidence, but will weigh the statement as if it were trying the case originally. *Indignapolis, etc., R. R. Co.* v. *Kinney,* 8 Ind. 402 ; *Hannum* v. *State,* 38 Ind. 32.

The fourth clause of the statement of facts is treated, not

as an agreement that there was a balance of premium amounting to $31.60, but as an agreement that White assigned to the appellee a claim for such a balance. No other construction is suggested.

The statute by which the balance of premium to which White was entitled was determined was the act of March 3d, 1877, Acts 1877, p. 7, which provided: "That a borrower, who is not in arrears for dues, interest, fines, or assessments, may repay a loan at any time, by refunding the amount of money borrowed; and in case of the repayment thereof, before the expiration of the sixth year after the organization of the corporation, there shall be refunded to such borrower the full amount of his or her stock, including the premium or discount paid, less one-sixth of said premium or discount for every year of said six years then unexpired, and said payment, thus made, shall be a full and complete discharge of both the original stock and debt, and no new stock shall be issued therefor; but the officers of said association shall enter satisfaction of such payment of record: *Provided,* That when the stock is issued in separate series, the time shall be computed from the date of the issuing of the series of stock upon which the loan was made."

It is evident that whatever construction should be placed upon this statute as to the amount of premium that should be refunded in a given case, a statement of facts which shows the repayment of a loan and the refunding to the borrower of one-sixth of the premium, and does not show the relative time of the repayment, does not establish a claim, for a return of an additional amount of premium or call for a construction of the statute. The facts do not show that, under any construction that might be claimed for the statute, any more premium was due to White.

Counsel have disputed as to the proper construction of the statute in a case of repayment of the loan five years before the expiration of the sixth year after the organization of the

corporation, but the facts stated do not raise such a question, and do not show a right to the recovery of any sum.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at appellee's costs, and the cause is remanded, with instructions to render judgment for the defendant.