Day v. Day.

No. 10,723.

## DAY v. DAY.

GIFT.—*Decedents' Estates.— Assets.— Widow.—Heirs.—Distribution.—Agreed Case.*—In an agreed statement of facts, it was made to appear that D., in his lifetime, before he married the plaintiff, his second wife, donated and gave to a school association, to aid in establishing the same, a certain sum of money. After D.'s death and the final settlement of his estate, the trustees of such association sold its property and out of the proceeds paid said sum to the defendant, as the only child and heir of D. by a former marriage. D. had no children by said second wife. Upon these facts the court was asked to determine the rights of the parties.

*Held,* that as the facts show an absolute gift to the association by D., its payment of the money to the defendant was voluntary merely, and such money can not be treated as assets of D.'s estate, or as property belonging to him, and that such defendant can not be required to make distribution of it among the heirs.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. E. McCord,* for appellant.

*G. W. Grubbs,* for appellee.

COLERICK, C.—This action was submitted to, and decided by, the court below upon the following agreed statement of facts :

" Whereas said defendant (the appellant) as son and heir of John Day, deceased, received certain money of the board of trustees of the Mooresville High School Association, and claims to be the legal holder and owner thereof, and whereas said plaintiff claims to be entitled to a part, to wit, one-half thereof, as widow of said deceased : Now, to settle the question as to the rights of said parties in and to said money, it is agreed that said question shall be submitted upon proper pleadings, or agreed statement of the facts in said matter, to the said court for its determination thereof, at the earliest practicable time, and as far as can be without costs to said parties. The facts in relation to said money we agree are as follows:

" 1st. Said John Day, now deceased, in his lifetime, and

before he married plaintiff Hannah, donated and gave to said Mooresville High School Association, to aid in establishing the same, building house, etc., the sum of one hundred and fifty dollars.

"2d. After the death of said John Day the trustees of said High School Association sold the property of said association to the school town of Mooresville, and of the proceeds of said sale, after the death of said John Day, paid to the defendant, as the only child and heir of said John Day, $112.50, and will yet of the proceeds of said sale pay to him $37.50, or about that.

"3d. Said sale of said property by said trustees, and payment to said defendant, were made after the final settlement of the estate of said John Day, deceased.

"4th. Said plaintiff was second wife of said deceased, and had no children by deceased.

"5th. Said defendant is the only child and heir of the former marriage of said deceased."

This statement was accompanied by an affidavit, in which it was stated that the controversy between the parties was real, and submitted to the court by them in good faith to determine their rights. Upon the facts above recited the court, as a conclusion of law thereon, declared that the appellant and appellee were each entitled to one-half of the money in controversy, to which conclusion of law the appellant excepted, and thereupon judgment was rendered against him, in favor of the appellee, for one-half of said sum of money, to which judgment he also excepted. The errors assigned present a single question for our consideration, Did the court err in its conclusion of law upon the facts above set forth?

It is settled by the decisions of this court that the agreed statement of facts in a case like this, under the statute by which it is governed—R. S. 1881, section 553—takes the place of the pleadings in the case. *Sharpe* v. *Sharpe*, 27 Ind. 507; *Manchester* v. *Dodge*, 57 Ind. 584; *Warrick, etc., Ass'n* v. *Hougland*, 90 Ind. 115. And judgment must be rendered

thereon in favor of the party entitled thereto, taking the facts therein recited to be true, but if the facts so recited fail to show a cause of action in the party in whose favor the judgment is rendered by the trial court, it will not be upheld by this court. See Works Pr., sections 813 and 997; *Gregory* v. *Perdue,* 29 Ind. 66. Nor will this court indulge in any presumptions in favor of the judgment of the court below, because this court has the same means as that court had of reaching a correct conclusion of law upon the agreed facts of the case, which it will consider the same as if it were trying the case originally. *Indianapolis, etc., R. R. Co.* v. *Kinney,* 8 Ind. 402; *Hannum* v. *State,* 38 Ind. 32; *Warrick, etc., Ass'n* v. *Hougland, supra.*

Applying to this case the rules of practice announced and declared in the cases above cited, the judgment of the court below must be reversed, as the facts recited in the agreed statement of facts fail to show a cause of action in the appellee. It is not stated therein that the deceased was a stockholder or member of the Mooresville High School Association, and by reason thereof held an interest in the property of the association that was sold to the school town of Mooresville, or in the money realized from its sale, or that the association at any time occupied as to him the relation of trustee, nor is any fact or facts stated which show or tend to show that any liability, of any nature, present or future, was at any time or in any manner incurred by the association to the deceased for the money which it received from him. On the contrary, it clearly appears by the facts stated that the money was received by the association from the deceased as an absolute gift. If so, no legal obligation to return the money or account for it was created against or imposed upon the association, and its act in subsequently returning the money to the appellant was voluntary on its part, and not performed for the purpose of relieving or discharging itself of any legal obligation resting upon it to do so, as none existed. According to the facts agreed upon by the parties, as above set

forth, the money received by the appellant can not be treated or regarded as assets of the estate of the decedent, or as property belonging to him, and, therefore, the appellant can not be required to make distribution of it among the heirs of the decedent. It follows, from the views above expressed, that in our opinion the court below erred in its conclusion of law, and for that reason the judgment ought to be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded with instructions to the court to render judgment for the appellant.

Filed Feb. 14, 1885.