Filed April 25, 1885.

———————◆———————

No. 12,036.

ROBERTSON *v.* HUFFMAN ET AL.

PRACTICE.—*Using Bill of Exceptions on Former Trial as Evidence.*—*Motion for Judgment.*—Where, upon a trial of issues of fact, the evidence consisted of a bill of exceptions containing the evidence introduced on a former trial of such issues, together with a written agreement as to additional facts, and the finding was for the defendant,

*Held,* that a motion would not lie for judgment for the plaintiff, upon the

ground that the evidence was written and sustained the complaint, and that no defence was proved.

SAME.—*Supreme Court.—Conflicting Testimony.*—The Supreme Court can not weigh conflicting testimony, whatever the form in which it may be presented, but, having regard to the burden of proof, will sustain the decision of the trial court upon the evidence, where it in any degree tends to sustain such decision.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellant.

*J. A. Zaring, D. M. Alspaugh* and *J. C. Lawler,* for appellees.

BLACK, C.—The appellant sued the appellees John and William H. Huffman on a judgment, and made the appellee Mary A. Huffman a defendant, for the purpose of setting aside a conveyance of certain land executed by said William to said Mary, as having been made with intent to hinder and delay the collection of the debt represented by said judgment.

Issues were formed and tried, and a judgment was rendered, which, on appeal brought by the plaintiff to this court, was reversed. *Robertson* v. *Huffman,* 92 Ind. 247.

On the return of the cause to the court below, a demurrer to a paragraph of the answer of said William was sustained as ordered by this court, and another trial was had before the court, which resulted in a finding for the plaintiff, against the defendants John Huffman and William H. Huffman, and for the defendant Mary A. Huffman, against the plaintiff.

The plaintiff moved for a new trial as against the defendant Mary A. Huffman, and this motion having been overruled, he moved for judgment in his favor against the defendants, including said Mary, and this motion also was overruled. Thereupon, judgment was rendered for the plaintiff against the defendants John and William for $1,500, and in favor of the defendant Mary against the plaintiff.

The appellant has assigned as errors the overruling of his motion for judgment in his favor against the appellee Mary A. Huffman, and the overruling of his motion for a new trial. In the motion for judgment, the ground stated was that the

evidence was all written and showed that the plaintiff's complaint was true as against all the defendants, and that no defence was proved.

On the trial, no witnesses were introduced, but the parties agreed in writing that, instead of introducing the witnesses, the bill of exceptions on file should be used and taken as the evidence, and that to the testimony therein of one of the witnesses named, a certain statement of matter of fact should be added, and the parties, in said writing, also made an agreed statement of certain other facts. Said bill of exceptions and said agreement in writing were introduced as the evidence.

There was no agreed case under section 553, R. S. 1881, the questions of law arising on which may be saved by an exception to the finding thereon; nor was there an agreement upon the trial of issues of fact as to the facts on which such issues were to be decided; but there was a trial of issues of fact upon what, for the most part, was an agreement that certain testimony of witnesses upon a former trial, and certain documentary evidence introduced thereon, should be taken and treated as if again given and introduced in like manner on this trial.

The question which the appellant thus sought to raise by his motion for judgment could be presented only by a motion for a new trial, as if all the evidence on the trial of the issues had consisted of an agreed statement of the facts. See *Fisher* v. *Purdue,* 48 Ind. 323; *Manchester* v. *Dodge,* 57 Ind. 584; *Zeller* v. *City of Crawfordsville,* 90 Ind. 262; *Lofton* v. *Moore,* 83 Ind. 112; *Slessman* v. *Crozier,* 80 Ind. 487; *Pennsylvania Co.* v. *Niblack,* 99 Ind. 149.

The reasons assigned in the motion for a new trial were: *First.* That the decision was not sustained by sufficient evidence. *Second.* That it was contrary to law, in that the evidence being written, and showing that the complaint was true, the decision should have been against Mary A. Huffman, as well as against the other defendants.

Perhaps, if the complaint, sufficiently showing a fraudu-

lent conveyance, denied generally by said Mary's first paragraph of answer, was true, neither the second nor the third paragraph of her answer, each of which presented specially a good defence for her, could have been true; but the second ground stated in the motion can not be regarded as a reason for a new trial within the meaning of the statute, and it need not be further noticed.

In considering the evidence in such a case, the presumption in favor of the decision of the trial court which, when that court has seen and heard the witnesses, is permissible solely for that reason, can not be indulged; but this court can not, in any case, weigh conflicting testimony, whatever the form in which it may be presented, and, having regard to the burden of proof, we always uphold the decision of the trial court upon the evidence, where it in any degree tends to sustain such decision. Whether there was an intent to defraud as charged was a question of fact, and the burden of proof was upon the plaintiff.

We have examined the voluminous evidence, and while we think that it, perhaps, would have upheld a finding that the conveyance was fraudulent, yet it was not such as to require such a finding, and we can not reverse the conclusion reached without unjustifiable encroachment upon the province of the trial court.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the appellant's costs.

Filed April 8, 1885; petition for a rehearing overruled May 13, 1885.