Filed May 15, 1890.

No. 14,176.

THE FRANKLIN BANK OF CINCINNATI v. SEVERIN.

BILL OF EXCHANGE.—*Agreement Without Consideration to Release Acceptor.— Answer Alleging.*—An agreement without consideration by the assignee of a bill of exchange to release the accommodation acceptor is void. In an action against the acceptor by the assignee an answer which sets up such an agreement is bad.

From the Dearborn Circuit Court.

*N. S. Givan*, for appellant.

OLDS, J.—This was an action by the appellant against the appellee on a bill of exchange, dated at Cincinnati, October 21st, 1881, drawn by the Eureka Iron Roofing Company, payable to the order of the drawer in sixty days after date, for the sum of $325, directed to and accepted by the appellee, Julius Severin, and indorsed by the Eureka Iron

Roofing Company to the appellant, for a valuable consideration, before maturity, and duly protested for non-payment, and notice thereof duly given.

The complaint is in the usual form, alleging the indorsement to the plaintiff for a valuable consideration before maturity.

The appellee answered in two paragraphs. The first is a general denial. The second alleges that on the 26th day of December, 1881, the plaintiff released the defendant from any and all liability of, and on account of, said acceptance, and on said day agreed to look to the drawer of said acceptance for the payment thereof; that the defendant was, and is, an accommodation acceptor on said acceptance, and that before and at the time the plaintiff purchased said acceptance, and paid the money therefor, and bought the same, it well knew that the defendant was an accommodation acceptor; that plaintiff at no time after the 26th day of December, 1881, called on defendant for payment; that the Eureka Iron Roofing Company, the drawer of said acceptance, continued to do business with the plaintiff, and in the city of Cincinnati, up to February, 1883, and was solvent; that at the time of said release the drawer had money in the bank of plaintiff sufficient to pay said acceptance, and the defendant, relying on the release, made no effort to collect said acceptance from the maker, and made no effort to indemnify himself, which he could have done; that the Eureka Iron Roofing Company has become insolvent, and ceased to exist.

Plaintiff demurred to the second paragraph of answer for want of facts, and the court overruled the demurrer, to which ruling the plaintiff excepted, and assigns the ruling as error.

The question is presented as to the sufficiency of this paragraph of answer. The paragraph admits the plaintiff to be a purchaser for value before maturity, and avers a release of the defendant from liability on the bill of exchange without any consideration.

The acceptor of a bill of exchange becomes, as to all

parties other than the drawer, the principal debtor. It is the universally recognized doctrine that it is no defence to a bill by an assignee for value against an accommodation acceptor, that the assignee knew he was an accommodation acceptor at the time of purchasing the bill. 2 Randolph Commercial Paper, section 561; *Spurgin* v. *McPheeters*, 42 Ind. 527.

As between the holder for value and the acceptor, the bill represents a valid indebtedness, and at the time it is alleged that the plaintiff released the defendant, the defendant was indebted to the plaintiff to the amount of the bill, and an agreement to release the defendant from such indebtedness and liability on the same, without any consideration for such promise, would be invalid. It would be the same as an agreement to release the maker of a promissory note from the payment of the same without any consideration, and it has been held by this court that an agreement to release a maker of a promissory note from payment of the same without any consideration for the release, is void. *Harris* v. *Boone*, 69 Ind. 300; *Carter* v. *Zenblin*, 68 Ind. 436.

The answer in this case fails to show that there was any consideration for the release pleaded; indeed, it affirmatively appears from all of the allegations in the paragraph that there was no consideration for such agreement, and the agreement is void, and of this the parties were bound to take knowledge, and it was the duty of the acceptor to take steps to secure or protect himself if he desired to do so. He would have had the right at any time to have paid the bill and sued the drawer.

The sufficiency of the paragraph of answer depends upon the validity of the agreement of the holder to release the acceptor. There being no consideration for such agreement, it was not valid in law, and did not operate to release the acceptor, and the acceptor was bound to know the release was invalid, and that he was still holden for the payment of the bill; hence it was his own lack of diligence if he did not in-

demnify himself against loss, or pay the bill and collect it of the drawer while the drawer was solvent.

The court erred in overruling the demurrer to the second paragraph of answer, and for this error the judgment must be reversed.

The other errors assigned may not arise on a retrial of the cause, and it is therefore unnecessary to pass upon the other questions presented.

Judgment reversed, at costs of appellee, and the cause is remanded to the circuit court, with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed June 7, 1890.