Filed June 11, 1892.

---

No. 530.

## HENES, ADMINISTRATOR, v. HENES.

DECEDENT'S ESTATE.—*Claim Against.*—*Submission of on Agreed Statement of Facts.*—Section 532, R. S. 1881, which provides for the submission of a matter in controversy upon an agreed statement of facts, does not apply to claims filed against a decedent's estate. The filing and allowance of such claims are governed by special statute, and jurisdiction can only be acquired in the manner pointed out in the act concerning decedents' estates. Elliott's Supp., sections 385 and 387.

SAME.—*Release of Vendor's Lien.*—*Consideration.*—*Gift inter vivos.*—A father devised real estate to his son, subject to certain conditions, one of which was that he would pay to his father and mother, or at the death of either, to the survivor, a certain sum of money per year, and board and house room while they lived. The father died, and the mother executed to the son a quitclaim deed to the land, in consideration of which he executed to his mother a written contract, by which he agreed to pay her a less sum per year than she was allowed by will, and board during her natural life, she agreeing to release the land from any lien thereon for the purchase-money named in the contract, and that the new contract should be no lien on the same. The son then gave his mother his note for the money due her under the will and contract. After the son's death a claim was filed against his estate on the note so given by him to his mother.

Henes, Administrator, *v.* Henes.

*Held*, that there was no release of any lien for the remainder of the purchase-money covered by the note, and which had accrued at the time the contract was entered into, and that the court did not err in decreeing a vendor's lien for the amount of the note.

*Held*, also, that if there was an attempted release, the same was without consideration, and void, or voidable, as to the promisor, it being based upon a promise to pay a portion simply of what was already due from the decedent to his mother.

*Held*, also, that if it was claimed that the release of the lien and the acceptance of the smaller sum annually by the mother was a gift *inter vivos* from her to her son, the burden of proof would be upon his estate to establish that fact, and, considering the advanced age of the mother, and the confidential relations existing between mother and son, and all the circumstances, the court had a right to conclude that the transaction was tainted with undue influence, if not with fraud, and that where such a finding is made, although the facts are agreed upon in writing, the conclusion of the lower court will not be disturbed on appeal.

PRACTICE.—*Agreed Statement of Facts.—Not a Special Finding.*—An agreed statement of facts can not be regarded as a special finding, and an exception to a conclusion of law based thereon will avail a party nothing.

From the Noble Circuit Court.

*T. L. Graves* and *L. W. Welker*, for appellant.

*L. E. Goodwin* and *H. G. Zimmerman*, for appellee.

REINHARD, C. J.—Appellee filed a claim on a note against the estate of appellant's decedent. Some amendments were made to the complaint, or claim, but subsequently it seems the amended complaint was withdrawn, and it was agreed that "all matters of defence herein may be given under the general denial." The parties then filed an agreed statement of facts duly verified as required by section 553, R. S. 1881, which was by order of court spread upon the record. Subsequently the appellee, by leave of court, filed what is called in the record a second paragraph of complaint. The cause was tried by the court and there was a finding and judgment for the appellee that there was due her from the estate a certain amount; that the note was given for purchase-money of certain real estate described in the second paragraph of the complaint, and that said sum is a lien on said real estate

prior and superior to all other liens excepting a mortgage in favor of Joseph Kellar, etc.

There was an exception to the finding by the appellant, and there was also a motion for a new trial, which was over-ruled and an exception taken on the ruling. The appellant in due time filed a bill of exceptions and appealed to this court. The question with which we are concerned in the outset is whether the proceeding is properly based upon section 553, *supra*, which is as follows:

" Parties shall have the right in all cases, either with or without process, by agreement to that effect, to submit any matter of controversy between them to any court that would otherwise have jurisdiction of such cause, upon an agreed statement of facts, to be made out and signed by the parties; but it must appear by affidavit that the controversy is real and the proceedings in good faith, to determine the rights of the parties; whereupon the court shall proceed to try the same, and render judgment as in other cases."

Under these provisions no pleadings whatever are required or contemplated; in fact, the agreed statement itself takes the place of the pleadings, and must, upon its face, disclose a good cause of action in favor of the plaintiff if he be the prevailing party, or judgment thereon will not be upheld on appeal. Nor will this court indulge in any presumptions in favor of the finding of the trial court, for in that case we have equally as good an opportunity as that tribunal of reaching a correct conclusion upon the agreed statement. *Day* v. *Day*, 100 Ind. 460. If, however, the statement of facts agreed upon is not governed by the section of the statute alluded to, it is mere matter of evidence.

We are of the opinion that the agreement does not come within the purview of the statute above cited. We do not think the section is at all applicable to claims against decedents' estates. The filing and allowance of such claims are governed by special statute. Section 2310, R. S. 1881; Elliott's Supp., section 385. It could not have been intended

that an administrator or executor should be clothed with authority to bind by such an agreement the heirs and creditors of the estate he represents. If such is the case, he may, intentionally or through ignorance, surrender any important rights of such heirs or creditors, and they would have no redress except, possibly, by an action on his bond. It is clear, we think, that the Legislature intended to confer upon executors and administrators no such power. The very law which gives them authority to admit the claims without proof limits such authority by providing that the court may, in its discretion, require further evidence, notwithstanding such admission. Elliott's Supp., section 387. Besides, the section quoted is a part of the civil code, and that is applicable only where there is no express provision to control the special procedure. The court acquires jurisdiction in claims of this character only in the manner pointed out in the act concerning decedents' estates. Elliott's Supp., section 385; *Noble* v. *McGinnis*, 55 Ind. 528; *Stanford* v. *Stanford*, 42 Ind. 485; *State, ex rel.*, v. *Cunningham*, 101 Ind. 461; Henry Ind. Probate L., p. 172.

It follows, we think, that the parties had no authority to submit the cause under section 385, *supra*, even if they attempted to do so, which is by no means clear from the record. The agreed statement of facts must be treated, therefore, simply as evidence.

The insufficiency of the evidence is relied upon and properly presented as a ground for the reversal of the judgment. The substance of the facts, as agreed upon in the written statement, is that Elizabeth Henes, the appellee, is the widow of Jacob Henes, deceased, and the mother of one William Henes, also deceased, and that Jacob was the father of said William; the appellant is the widow of William and his executrix. Jacob owned certain real estate in Noble county, Indiana. Jacob, by his last will, devised the said real estate to his son William, subject to certain conditions set out in the will, one of which was that he would pay to Jacob and

his wife, Elizabeth, or at the death of either to the survivor, the sum of $300 per year and board and house-room during the life of both.   Jacob Henes put his son William in possession of the land while both were alive, and William remained in possession till he died, having survived his father. Jacob died in 1876 and his will was duly probated.   Subsequently, and during the life-time of William, Elizabeth executed to him a quitclaim deed to the land which the agreed statement designates as a deed of release of all claims or demands held by her by virtue of the will, which deed was duly recorded.   In consideration of this William executed to his mother a written contract by which he agreed to pay her $50 a year and board during her natural life, she agreeing in writing to release the land from any lien thereon for the purchase-money named in the contract and that the new contract should be no lien on the same.   William then gave his mother his note for $300 for money due her under the will and contract.   The note was due when the claim was filed, with interest.   Since then no payments have been made by him nor by his estate.   William died in September, 1890, and his widow, the appellant, was appointed as his executrix. Elizabeth is eighty years old, and lived with her son William up to the date of his death.   She has no means other than those provided by the will and contract.   Copies of the will and the contract and a quitclaim deed from Elizabeth to William are made a part of the agreed statement.

The court found there was due the claimant on the note $404.55 and that it was given for the purchase-money of the real estate described in the complaint and that said amount constituted a vendor's lien thereon.   The court further found that there was due the claimant an additional sum of $250, on the contract, not covered by the lien, and decreed a sale of the real estate to pay the lien, and made an allowance for the amount not embraced in the same.

The appellant finds no fault with the amount of the allowance, but insists that the court erred in decreeing a ven-

dor's lien for the amount of the note.   This is the only question presented to us : Did the court err in declaring a lien ?   The instrument of writing designated as a contract provides, among other things, as follows :  "And it is hereby agreed and understood *that this obligation shall not be a lien in any manner on the said premises* described herein and in said deed.   Said premises are to be free from all liens *for this purchase-money.*"   The purchase-money alluded to was the fifty dollars per year during the period of the natural life of Elizabeth, and furnishing her with board and lodging during her life.   The contract makes no stipulation whatever for the relinquishment of any lien for purchase money previously due, or that had accrued up to the time of the contract, and for which the note was given.   The court very properly concluded, we think, that there was no release of any lien for the remainder of the purchase-money covered by the note and which had accrued at the time the contract was entered into.

The agreed statement of facts must be construed together with the contract, and when this is done there is nothing to show that the parties intended the extinguishment of any lien for the purchase-money that had already accrued.   Such lien having been shown to exist, the presumption is that it continued, until the contrary appears.   Besides, if it be conceded that there was an attempted release the same was without consideration and void or voidable as to the promisor.   The agreement by William to support his mother or pay her a certain amount annually was not a new one.   He was already under obligation to do this and more, for under the will he was bound to pay her $300 annually in place of $50, as provided in the contract.   To constitute a valid consideration there must be some benefit to the party engaging to perform the thing insisted upon, or some loss or inconvenience to the promisee.   *Ford* v. *Garner,* 15 Ind. 298 ; *Starr* v. *Earle,* 43 Ind. 478.

A promise to perform something to which the party prom-

ising is already bound is no consideration. *Reynolds* v. *Nugent*, 25 Ind. 328.

In the case at bar the release claimed was based upon a promise to pay a portion of what was already due from the decedent to the appellee. The former agreed, in other words, that if the latter would release the lien he would pay her an amount less than that covered by the lien. Even if this smaller amount had been paid, in cash, the payment would not have constituted a consideration for the release. It is well settled that when a debt is due and not controverted the payment by the debtor of a part is no consideration for a release or agreement to release the whole debt. *Bateman* v. *Daniels*, 5 Blackf. 71, and note; *Fitzgerald* v. *Smith*, 1 Ind. 310, and note; *Cameron* v. *Warbritton*, 9 Ind. 351; *Stone* v. *Lewman*, 28 Ind. 97; *Markel* v. *Spitler*, 28 Ind. 488; *Ritenour* v. *Mathews*, 42 Ind. 7; *Fletcher* v. *Wurgler*, 97 Ind. 223; *Hancock* v. *Yaden*, 121 Ind. 366; *Franklin Bank, etc.,* v. *Severin*, 124 Ind. 317.

If the release of the debt, or a portion thereof, is without consideration, the surrender of the lien securing it is none the less so, and can not be enforced. See *Harris* v. *Boone*, 69 Ind. 300.

There may be cases in which a transaction of this character will be upheld. Each case must, in a measure, depend upon its own surroundings and circumstances. Possibly, the release of the lien and the $250 annually in the case before us might be treated as a gift *inter vivos*, from the mother to the son. Such a gift, if free from undue influence and fraud, and if fully executed, would be valid. *Bingham* v. *Stage*, 123 Ind. 281. But freedom of will and good faith are essential elements of a valid gift, and the degree of evidence necessary to establish fraud and undue influence varies with the nature of the transaction. Thus, if the parties sustain a confidential relation to each other, such as mother and son, guardian and ward, attorney and client, physician and patient, it is far different from a case where the parties stand upon

an equal footing. A gift obtained under such circumstances is deemed void, *prima facie*, in equity, in most if not all of the jurisdictions of this country. 8 Am. and Eng. Encyc. of Law, 1310. While it may be said that in Indiana the questions of fraud and undue influence are questions of fact for the court or jury and are never presumed, yet the tribunal to whom is submitted the determination of the ultimate fact can not ignore the peculiar circumstances surrounding the case and from them draw the conclusion to which the mind is naturally led.

In the case before us we have a young man, presumably in the full enjoyment of his life and faculties, dealing with his aged mother of eighty years, residing under his own roof, receiving and solely dependent upon the bounties of his own table and fireside, and thrown in constant communication with himself and family. We can not ignore the fact that in such a case as this it is much easier to exert an undue influence over the mind of the aged donor than if she had been placed upon a more independent footing and one of something like equality with that of the supposed donee, her son. These circumstances the court below had a right to consider. True, we can not indulge in presumptions in favor of the validity of the court's finding as in cases where the evidence is oral and the witnesses before the court; for here the facts are agreed upon in writing and the latter is before us. But the burden of proof on the question of release was upon the appellant, and the presumptions are all against her, and where there is evidence from which the court could have found as it did, we can not say judicially that there is an absolute failure of proof. We think the court had a right, from the facts before it, the age of the parties and their relations to each other, the amount promised and that relinquished and all the circumstances disclosed in the statement and the accompanying papers, to conclude that the transaction was tainted with undue influence, if not with fraud, and where upon such facts such a finding is made, al-

though the facts are agreed upon in writing, this court will not disturb the conclusion of the lower court, on appeal. *Robertson* v. *Huffman,* 101 Ind. 474.

Error is predicated upon a supposed mistaken conclusion of law upon a special finding of facts.

We have examined the record, and are unable to find where any special finding was made, or any request for the same. The agreed statement of facts can not be considered as a special finding, and an exception to a conclusion of law, based upon such a finding, would avail a party nothing. *Sheets* v. *Bray,* 125 Ind. 33.

We have examined all questions raised, and find no ground for a reversal.

Judgment affirmed.

