JENNINGS ET AL. *v.* HEMBREE, ADMINISTRATOR.

[No. 10,049. Filed November 20, 1919.]

1. SUBMISSION OF CONTROVERSY.—*Presumptions on Appeal.*—In a proceeding under §§579, 580 Burns 1914, §§553, 554 R. S. 1881, by agreed statement of fact, no presumption can be indulged in favor of the judgment of the trial court. p. 372.

2. SUBMISSION OF CONTROVERSY.—*Language Used.—Construction.*— The language used by the parties in an agreed statement of fact will be given its common, ordinary meaning. p. 374.

3. LANDLORD AND TENANT.—*Lease.—Rent.*—An agreement whereby a life tenant was to receive as rent a fixed share of the crop raised, such rental to be harvested and delivered to her by the tenants at gathering time, was a lease and the relation between the parties was that of landlord and tenant. p. 374.

4. LIFE ESTATES.—*Death of Life Tenant.—Rents Not Due.—Remainder.*—Rent stipulated in favor of a life tenant, in the form of a fixed share of crop growing at her death, and not to be delivered until some months thereafter, is annexed to the real estate and goes to the remainderman. p. 374.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by John F. Hembree, administrator of the estate of Mary Workman, against George P. Jennings, Eva Jennings and Cora Workman. From a judgment for the plaintiff, defendants appeal. *Reversed.*

*Frank E. Gilkison,* for appellant.
*F. Gwin,* for appellee.

NICHOLS, P. J.—This action was commenced by the appellee against the appellants in the Martin Circuit Court by complaint, which was afterwards withdrawn and the case submitted to the court upon an agreed statement of facts, which, so far as material to this decision and omitting verification, is as follows: Plaintiff's decedent was the owner of a life estate, for the period of her own life, in certain real estate located in Martin county, Indiana. Her title and ownership of said real estate ceased at her death. On or about April 1, 1915, plaintiff's decedent rented portions of said real estate to Tillman Hembree, Lawrence Hembree and Robert Sutton, to be tilled to corn, said decedent to receive as rental for said lands so rented to said tenants the following portion of crops, to wit: one-third of the corn raised on certain portions thereof and one-half of the corn raised on the remainder thereof so tilled, which said rental was to be harvested and delivered to said decedent in a crib on said premises at gathering time, about December 15, 1915. Said tenants were to pay nothing as rental for said real estate, except the share of the crop as above mentioned. Plaintiff's decedent died on August 9, 1915. Eva Jennings, wife of defendant George P. Jennings, and Cora M. Workman were, and still are, the owners of the fee in and to all the real

estate of which plaintiff's decedent was the owner of a life estate, including all the lands which said tenants tilled to corn as aforesaid. The aforenamed tenants gathered the rental on said premises tilled to corn as aforesaid, and placed the same in a crib on said premises, and the said rent corn includes and is all the corn for the possession of which plaintiff has brought suit in this action. The remaindermen and fee owners of said real estate, Eva Jennings, and Cora M. Workman, have possession of said rent corn, claiming ownership thereof, and refuse to permit plaintiff to take possession thereof. The defendant, George P. Jennings has not and does not now claim said corn, or any part thereof. The plaintiff, John F. Hembree, is now the duly qualified and acting administrator of the estate of said deceased, Mary Workman.

Upon these facts the court stated conclusions of law in favor of appellee.

After exceptions by appellants, the court entered judgment upon the facts and conclusions aforesaid in favor of the appellee, from which judgment the appellants now prosecute their appeal. The only question for our consideration is the action of the court in rendering judgment for appellees.

The proceeding is under §§579, 580 Burns 1914, §§553, 554 R. S. 1881, by the provisions of which the foregoing statement of the case with the submission to and judgment of the court takes the place of the pleadings and constitutes the record, and judgment must be rendered thereon in favor of the party entitled thereto, taking the facts as stated to be true. No presumption can be indulged in favor of the judgment of the trial court, for the reason that this court has the same means as the trial court of

reaching a correct conclusion of law upon the agreed facts of the case, which will be considered by it the same as if it were trying the case originally. *Day* v. *Day* (1885), 100 Ind. 460; *Henes* v. *Henes* (1892), 5 Ind. App. 100, 31 N. E. 832; *Templeton* v. *Board, etc.* (1909), 44 Ind. App. 381, 89 N. E. 410.

Nor is this a case in which the court is called upon to construe the contract between appellee's decedent and her undertenants, but it is a case in which the facts have been agreed upon by the parties, and it is only left for the court to decide what the law is as applied to such facts so agreed upon. It is contended by the appellee that the undertenants of the appellee's decedent occupied to her the relation of a cropper, that such decedent was the owner of an undivided interest as a tenant in common of such crops with her undertenant, and that therefore such undivided interest passed to her administrator as personal property, and not to the heirs as rents not accrued at the time of the death of the life tenant. This contention, however, does not seem to be in harmony with the facts as agreed upon. It will be observed that it was agreed as a fact that the decedent *rented* the real estate to a certain number of *tenants;* by the terms of the contract the decedent was to receive as *rental* certain portions of the crops; *rental* was to be harvested and delivered to the decedent in a crib on the premises; the tenants were to pay the *rent;* the tenants gathered the *rental*, and the *rent* includes all the corn for which suit was brought and the remaindermen claim the *rent* corn.

The parties have themselves chosen the language in which to express the facts that control this case,

and it is for the court to give such language its common ordinary meaning. With such language before us we must hold that the contract between the appellee's decedent and the undertenant was a lease and not a cropper's agreement. In the case of *Chicago, etc., R. Co.* v. *Linard* (1884), 94 Ind. 319, 328, 48 Am. Rep. 155, it is said: "The sounder view undoubtedly is, that where the terms of the contract are such as to show that the contracting parties understood and intended that the relation of landlord and tenant should be created thereby, the contract will be a lease, although the landlord is to be compensated for the use of the land by a portion of the crops raised;   *   *   *." If such a contract was a lease, then the compensation of appellee's decedent was by way of rents. In the case of *Vawter* v. *Frame* (1911), 48 Ind. App. 481, 483, 96 N. E. 35, it is said: "Rents due to a life tenant, at his death are collectible by his personal representative. Rents have not accrued until they become due, and grain rent, to be paid at threshing time, does not become due until that time. Rents, until they become due, are annexed to the real estate, and thus go with the reversion to the remainderman." Other authorities are cited sustaining this proposition. In this case the decedent was to receive her rental for such lands so rented to said tenants in the following portion of crops, to wit: One-third of the corn raised on certain portions thereof, and one-half of the corn raised on the remainder thereof, and each said rental was to be harvested and delivered to said decedent in a crib on said premises at gathering time about December 15, 1915. There was then nothing due to the decedent as rental until the gathering time about December 15, 1915. This

being the case, such rents were annexed to the real estate, and went with the reversion to the appellants as remaindermen.

The trial court erred in its conclusion of law. The judgment is reversed at the costs of the appellee, and the cause is remanded, with instructions to the court to restate its conclusions of law, and to render a judgment in favor of the appellants.