RICHARD T. JAQUES *vs.* WILLIAM H. SWASEY.

Essex.   November 6, 1890. — May 20, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Parent and Child — Legacy — Ademption.*

A gift by a parent to a child is not to be applied in full or part satisfaction of a legacy to the child given by a will subsequently executed by the parent, in the absence of any agreement or understanding by the child that it should be so applied.

APPEAL, by residuary legatees under the will of Anna Jaques, from a decree of the Probate Court allowing to William H. Swasey, the executor, the sum of ten thousand dollars paid by him to Harriet M. Downs as a legacy under the will.

The case was heard by *Devens,* J., who reported it for the consideration of the full court. The facts appear in the opinion.

*W. H. Moody & H. I. Bartlett*, for the appellants.

*A. Noyes*, for the executor.

W. ALLEN, J.   The appellants contend that the sum of three thousand dollars paid by the testatrix in her lifetime to Mrs. Downs should be deducted from the legacy of ten thousand dollars to her.   The payment was made several years before the will was executed, and cannot operate as an ademption, or payment, or advancement *pro tanto* of the legacy.   To give such an effect to it would be to vary the terms of the will, and to show by parol that the testatrix intended a legacy of seven thousand, and not of ten thousand dollars.   Payment of a legacy provided for in a will made by the testator before the will takes effect by his death, is regarded as consistent with and carrying out the intention expressed in the will; but to apply a gift made before the execution of the will in full or part satisfaction of a legacy given by the will necessarily varies the terms of the legacy, and allows the intention expressed in the will to be controlled by a different intention proved by parol.   If a gift is made by a parent to a child, it may be presumed to be an advancement of a portion of the parent's estate which he has given to the child by will, or which the law may give if the parent dies intestate, but if after making such gift the parent by will fixes the portion of the child, the former gift cannot be taken as a part of the portion unless made so by the will.   It cannot by possibility be an ademption of the legacy.   If it can operate as a satisfaction of the legacy, it must be upon other grounds than the right of the testator to adeem a legacy.   *Paine* v. *Parsons*, 14 Pick. 318. *Richards* v. *Humphreys*, 15 Pick. 133.   *Jones* v. *Richardson*, 5 Met. 247, 253.   *Hartwell* v. *Rice*, 1 Gray, 587, 594.   See authorities collected in note to *Chancey's case*, 2 White & Tudor's Lead. Cas. in Eq. (4th Am. ed.) 782 *et seq.*

It has been held that a payment by a father to a child will operate as a satisfaction *pro tanto* of a legacy to the child in a subsequent will, when it is received by the child under a promise by him that it shall be so applied.   In that case the money is received by the child as a part of the portion to be designated in the will, and it would be fraudulent in him not to allow it in satisfaction *pro tanto* of the legacy given in pursuance of the understanding.   *Upton* v. *Prince*, Cas. Temp. Talb. 71.   *Taylor* v.

*Cartwright,* L. R. 14 Eq. 167, 176. *Yundt's appeal,* 13 Penn. St. 575. *Musselman's estate,* 5 Watts, 9. *Kreider* v. *Boyer,* 10 Watts, 54. *Rogers* v. *French,* 19 Ga. 316, 322. The real question in the case at bar is whether it was understood between Miss Jaques, the testatrix, and Mrs. Downs, when the three thousand dollars was given by the former to the latter, that that sum was paid and received as part of a portion to be given to Mrs. Downs by will, and as *pro tanto* in satisfaction of the subsequent legacy.

In the year 1874, Mrs. Downs, then Miss Smith, went to live with Miss Jaques, who was a single woman well advanced in life, as her daughter, with the understanding that, if she continued to live with Miss Jaques during her life, Miss Smith would be treated as a daughter, and would be provided for in the will of Miss Jaques by a legacy of ten thousand dollars. As regards advancements of a portion, Miss Jaques stood practically *in loco parentis* to Miss Smith, and it may be assumed that the rules that apply to advancements and legacies between parent and child applied to them. Miss Jaques made a will about the time Miss Smith went to live with her, in which she gave " to Harriet M. Smith, my adopted daughter, provided she lives with me until my decease, ten thousand dollars." In January, 1876, Miss Jaques made another will, in which she gave to Miss Smith " the sum of ten thousand dollars in cash, provided she lives with me until my decease." In the same year Miss Smith was married, and after her marriage the three thousand dollars was paid to her, and she gave the following writing: " Newbury, Nov. 29, 1876. Whereas Miss Anna Jaques has intimated to me that in her will of January 31, A. D. 1876, she has devised a certain sum of money on certain conditions, now being desirous of purchasing a house and land adjoining the same, she (Miss Jaques) has kindly advanced to me the sum of three thousand dollars, by the hands of Edward P. Shaw, this day. I do hereby acknowledge to have received the said sum of three thousand dollars in advance of and on account of said legacy and in settlement of said estate, and conditions above mentioned are fulfilled it shall be deducted from the said legacy aforesaid, and I bind myself by this receipt to perform above agreements to allow the deduction to the executor of the said estate." This was signed by Mrs. Downs and attested by a witness.

Mrs. Downs continued to live with Miss Jaques until her death in January, 1885. In August, 1882, Miss Jaques made a new will, which expressly revoked former wills, and contained this clause : " Item 7. I give and bequeath to Harriet M. Downs, wife of Willard O. Downs, the sum of ten thousand dollars, if she shall survive me, but if she shall not survive me, in such case I give and bequeath the same (ten thousand dollars) to her children who may be living at the time of my decease." This will was admitted to probate. Unquestionably the payment of the three thousand dollars would have been an advancement of so much of the legacy given by the will of 1876, and an ademption *pro tanto* of it, had the instrument which contained it become the will of Miss Jaques. But the will was revoked, and a subsequent will executed, and the intention of Miss Jaques that the payment should be in satisfaction of a legacy given by the subsequent will cannot of itself be given in evidence to control the plain terms of the actual will. Unless that. intention was understood and assented to by Mrs. Downs when the payment was made, it cannot be taken as satisfaction *pro tanto* of the subsequent legacy. The paper signed by Mrs. Downs does not show a contract or understanding that the payment should be in satisfaction of a subsequent legacy. It refers and is limited to the legacy in the will of 1876. The fact that it was understood that Mrs. Downs should have a portion of the estate of Miss Jaques can have no greater effect than to place her in the position of a child who expected a portion. The fact that ten thousand dollars had been mentioned when the relation of the parties commenced as the amount of the portion, and was the amount of the legacy in the existing will, does not show that Mrs. Downs, in accepting an advancement of a part of that legacy, agreed to receive it in satisfaction of an equal amount of any future legacy that might be given to her. There was nothing in the transaction which could prevent Miss Jaques from revoking the legacy and giving a new legacy for any amount she might choose, nor that could prevent Mrs. Downs from receiving the full amount of a subsequent legacy. The writing is limited to the legacy mentioned in it, and cannot of itself affect any subsequent gift.

The only other evidence upon which the appellants rely for

proof that Mrs. Downs agreed to receive the three thousand dollars in satisfaction of a future legacy is conversations between Miss Jaques and Mrs. Downs after the last will was executed. So far as these go only to show the intention of Miss Jaques in advancing the three thousand dollars, they are immaterial, unless they also show an admission by Mrs. Downs that she received the payment in satisfaction of the subsequent legacy. They do not show any such admission. On the contrary, Mrs. Downs said that she was to have the ten thousand dollars, and Miss Jaques said that three thousand of it had been paid. The fact that Mrs. Downs made no reply to this cannot be taken as an admission of its truth. She had already stated her understanding of it, and the remark of Miss Jaques was in answer to her. She cannot be held to have assented to Miss Jaques's statement because she did not continue the discussion.

The report does not find that Mrs. Downs accepted the advance of three thousand dollars with the understanding that it should be in satisfaction *pro tanto* of a future legacy, and the facts and evidence reported do not show that she received it with such understanding, or that she agreed that it should be so applied. As no contract is found or can be inferred, it is not necessary to consider the further objection made by the executor, that the legacies are substantially different. The legacy which was adeemed in part was to Miss Smith alone, and would lapse by her death, and was on condition that she lived with the testatrix until her decease, and it conformed to the original agreement between the parties. The subsequent legacy was without condition, and included children of Mrs. Downs if she did not herself survive the testatrix. Without deciding that a promise to accept a present sum in satisfaction of a future legacy in the terms of the former could not be extended to the different legacy actually given, we think that it does not appear that the payment was received in satisfaction *pro tanto* of any future legacy.

*Decree affirmed.*