Robbins *v.* Swain, Executor.

No. 750.

## ROBBINS *v.* SWAIN, EXECUTOR.

WILL.—*When Advancements to Legatee are Converted into Absolute Gifts.* *—Unqualified Bequest.—Declarations of Testatrix.*—Two receipts, one for $100 and the other for $30, were executed by an expectant legatee, of the following tenor, omitting date and amount: "Received of Charity Middleton —— dollars, as part of such amount as she may see proper to bequeath to me at her decease.    MINERVA ROBBINS."

Several years after the execution of the receipts a will was made by Charity Middleton, in which $200 was bequeathed to Minerva Robbins, without condition, limitation, or explanation; and frequently, after the execution of the will, the testatrix stated to different persons that she intended that Minerva Robbins should have $200 out of her estate at her death.    Did the subsequent making of the bequest, without condition, limitation or explanation, have the effect to convert the previous receipts into absolute gifts? or should the amount of the receipts be deducted from the bequest?

*Held,* that the subsequent making of the will, in the manner stated, and the declarations of the testatrix in relation thereto, operated to make the amounts advanced to the legatee absolute gifts, and that the legatee was entitled to receive the full amount ($200) of the bequest, in addition to the previous payments.

AGREED CASE.—*Right of Administrators, Guardians, etc., to Enter into.* —As to the right of entering into an agreed case, administrators, executors, and guardians stand on the same footing as other parties, in the absence of an objection by some one interested in the determination of the controversy.

Dissenting opinion by REINHARD, J.

From the Randolph Circuit Court.

*J. W. Headington* and *J. F. LaFollette,* for appellant. *E. L. Watson* and *J. E. Watson,* for appellee.

DAVIS, J.—No claim or pleading was filed in the court below, and the rights of the parties are to be determined on the agreed case under section 553, R. S. 1881.

Omitting the formal parts, the agreement is as follows: "It is agreed that Charity Middleton, the decedent, made and executed her last will, which has been duly admit-

ted to probate in the Randolph Circuit Court, a copy of which * * * is filed and made a part of this agreement; that said will was made on the 3d of October, 1874; that afterwards, to wit, on the 27th of February, 1887, the said Charity Middleton made a codicil to her said will, which is probated with it * * * ; that the said Charity Middleton died on the 22d day of February, 1890, having made no other will except the will and codicil above mentioned; that said decedent left no children or child surviving her, nor did she leave any husband living; that she left surviving her one brother, William H. Swain, the above-named executor; that the above-named Minerva Robbins is a niece of said Charity Middleton, deceased; that the bequest to the said Minerva Robbins, mentioned in the first item of said will, has not been paid by the executor, or any one else, since the death of said decedent, and is still due and owing to her, and should be paid in full, unless the same or a portion thereof has been advanced by the payment to said Minerva Robbins, by said Charity Middleton, before the execution of said will, of certain moneys, as evidenced by two receipts found in the possession of said William H. Swain at the death of said Charity Middleton, of which receipts the following are true copies:

" 'March 1, 1868. Received of Charity Middleton one hundred dollars, as part of such amount as she may see fit to bequeath to me at her death.

'MINERVA ROBBINS.'

" 'August 25th, 1869. Received of Charity Middleton thirty dollars, as part of such amount as she may see proper to bequeath to me at her decease.

'MINERVA ROBBINS.'

"The receipts were taken by the said William H. Swain, who, as the agent of said Charity Middleton, paid the money for which the first receipt was given to

Minerva Robbins, and it is not known whether the said Charity Middleton ever saw them or not; that the receipts were taken in the form that they were, at the suggestion of Swain, as her agent, and with her knowledge and by her direction, and she knew that they were so taken; that the $30 receipt was given for a cow which the said Charity gave to the said Minerva; that frequently, after making her will, the said Charity stated to different parties that she intended the said Minerva to have two hundred dollars out of her estate at her death.''

Item first of the will reads as follows:

''I give my beloved niece, Minerva Robbins, of Jay county, Indiana, the sum of two hundred ($200) dollars.''

The agreement is in all respects in proper form and duly verified.

On the filing of the agreed case, the court rendered judgment in favor of appellant for seventy dollars only, and appellant, having reserved proper exceptions, duly prosecutes this appeal.

At this point we are confronted with an important preliminary inquiry which has not been raised by counsel, but which we are required to consider in order to determine on what basis to proceed in our investigation of the questions involved.

It was held by this court, on the 13th of September, 1892, in *Henes, Admr.*, v. *Henes*, 5 Ind. App. 100, 31 N. E. Rep. 832, that the court acquires jurisdiction in claims against decedents' estates only in the manner pointed out in the act concerning such estates, and that section 553, *supra*, has no application to claims against decedents' estates, and, in the language of the court, ''It could not have been intended that an administrator or executor should be clothed with authority to bind by such an agreement the heirs and creditors of the estate he represents.''

In that case a claim based on a note executed by the decedent in his lifetime had been filed against the estate. The claim, or complaint, after the cause reached the docket of the trial court, was duly amended. Subsequently the parties filed an agreed statement of facts, and the court said: "It follows, we think, that the parties had no authority to submit the cause under section 385, Elliott's Supp., even if they attempted to do so, which is by no means clear from the record. The agreed statement of facts must be treated, therefore, simply as evidence."

There is a material difference between an agreed case and a case where there is simply an agreement as to the facts. Elliott's App. Proced., section 224.

In this connection, and as applicable to the case before us, we quote from the opinion of Judge ELLIOTT in a recent case decided by the Supreme Court:

"Both parties assert that this is an agreed case under the statute; upon that theory they submit the case to us, and it was submitted to the trial court upon the same theory. Accepting, without investigation or decision, the statement of both parties, that this is an agreed case under the statute, and taking as our guide the rule that parties are bound by the theory which they assume to be the correct one, we shall treat this case as an agreed case. *Carver* v. *Carver,* 97 Ind. 497 (516); *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544 (564); *Brink* v. *Reid,* 122 Ind. 257. When parties agree upon a theory we can not, with propriety, deny their agreement, except, perhaps, when it is plainly necessary to do so in order to prevent manifest injustice." *Booth* v. *Cottingham, Guar.,* 126 Ind. 431.

That was an action against the guardian of a person of unsound mind, growing out of service alleged to have

been rendered the ward and his wife, by a physician, under the administration of a former guardian.

The case in hand is not analogous to the case of *Henes, Admr.,* v. *Henes, supra,* and, strictly speaking, this is not an action "for the recovery of any claim against the decedent" within the purview of section 385, *supra.* The decedent, at her death, was not indebted to appellee. The rights of appellee, if any, arise under the will, and not by virtue of any claim due or not, existing at the death of the decedent. This is more in the nature of a proceeding to determime the construction of the will and the rights of appellee thereunder.

Whatever view, however, may be taken of the nature of the action, we have determined to inquire into the questions involved, on the theory, as enunciated by Judge ELLIOTT, "that this is an agreed case under the statute." Where the parties act upon the theory, in the trial court, that the case is an agreed case, they will be held to that theory on appeal, although the case may not come within the statute. Elliott's App. Proced., *supra.*

There is no statement or agreement as to what the intention of any of the parties may have been, and the court, on the theory on which the case is submitted and presented, is to determine the intention of the respective parties from the evidence as recited in the agreement, without the aid of any presumption in favor of the judgment of the court below. *Indianapolis, etc., R. R. Co.,* v. *Kinney,* 8 Ind. 402; *Warrick Building and Loan Ass'n* v. *Houghland,* 90 Ind. 115; *Day* v. *Day,* 100 Ind. 460; Elliott's App. Proced., section 226.

It is insisted by counsel for appellant "that the intention of the testatrix must be gathered from the will itself, and can not in any way be controlled or varied by evidence *dehors* the will."

The general rule, undoubtedly, is that the will is the

Robbins *v.* Swain, Executor.

last and controlling utterance of the testator, and that the intention of the testator must be ascertained and declared by the court from the words of the will, unassisted by extrinsic evidence. *Chapman* v. *Allen,* 14 Atl. Rep. 780.

Therefore, when a testator, prior to making a will, advances or pays money to one to whom a bequest is made in a subsequent will, without any reference being made in the will to the previous payment, then, ordinarily, the testator, of legal necessity, says that he has converted the previous payment into an absolute gift. *Chapman* v. *Allen, supra.*

But it has been held, in some cases, that the payment by a testator to a legatee will operate as a satisfaction *pro tanto* of a legacy, in a subsequent will, when such payment is received by the legatee under a promise that it should be so applied. *Jaques* v. *Swasey,* 153 Mass. 596, 27 N. E. Rep. 771; *Gray* v. *Bailey,* 42 Ind. 349.

It has also been decided by our Supreme Court that extrinsic evidence may be legitimately admitted in order to connect the will with the extrinsic facts therein referred to, and to place the court as nearly as may be in the situation occupied by the testator, so that his intention may be determined from the language of the instrument as it is explained by the extrinsic facts and circumstances. *Daugherty, Admr.,* v. *Rogers,* 119 Ind. 254.

It is well settled that a receipt may be explained. A receipt is admissible in evidence upon the principle that declarations and admissions of a party may be used against him. 19 Am. and Eng. Encyc. of Law, p. 1120.

As pertinent to the questions we have to consider, we quote the following from a well known author:

"And as it seems to be considered, that, as the question

of satisfaction is one of presumption, upon all the circumstances of the case, and quite independent of the construction of the will, or the particular legacy in question, parol proof may be received to confirm or oppose the presumption, the same as upon any other matter of fact.'' 2 Redfield on Wills, page *194.

The intention or understanding of the beneficiary in such case does not seem material. The important consideration is the intention of the testator. *Weston* v. *Johnson*, 48 Ind. 1; See 1 Pomeroy's Eq. Jur. p. 564; 3 Redfield on Wills, section 342; 1 Redfield on Wills, sections 233, 234; 1 Roper on Legacies, top p. 367, 2d Am. Notes 4, Lond. ed.; *Richards* v. *Humphreys*, 15 Pick. (Mass.), 133.

Now, what is the result of the application of these principles of the law to the agreement of the parties in this case. The ultimate fact as to the bequest to appellee is stated, but so far as the defense is concerned the evidence only is stated. Elliott's App. Proced., section 228.

If the strict rule governing agreed cases was applied, we should not ''give heed to mere matters of evidence.'' Elliott's App. Proced., *supra*.

It seems clear, however, that the money evidenced by the receipts was given by Charity Middleton to appellant without any intention that it should ever be repaid. But it was evidently understood at the time to be a part of such amount as said Charity might afterwards see fit to bequeath to her. Charity Middleton had the undoubted right at any time during life to change the payments referred to in the receipts to absolute gifts.

Several years after the execution of the receipts the will was made, in which $200 was given to appellant without condition, limitation, or explanation. Frequently, after the execution of her will, said Charity stated to

different persons that she intended appellant to have two hundred dollars out of her estate at her death.

The receipts are not stronger than the parol declarations of the parties to the same tenor and effect would have been. The declarations of Charity made after the execution of the will were as competent against her executor as were the receipts against appellant.

In view of the language used in the will and her subsequent declarations, can this court say, on the evidence embodied in the agreement, that she intended that the two hundred dollars mentioned in the will, and also in her declarations, should be diminished by the amounts stated in the receipts? This may have been her intention at the date of the receipts, but can we say this was her intention when the will was executed and when the declarations were made?

If such was her intention when the will was executed, do her declarations, made subsequently, indicate that she had changed the previous payments into an absolute gift? Is this extrinsic evidence embraced in the receipts and the declaration of said Charity made after the will was executed, when construed in the light of the other circumstances stated in the agreement, sufficient to overcome the presumption that when the will was made said Charity intended thereby to bequeath to appellant two hundred dollars at her death out of her estate?

These are some of the queries suggested by the evidence contained in the agreement, but it is not our purpose to consider them *seriatim*.

It is sufficient to say, that the burden of proving her claim primarily rests on appellant; that the first item in the will establishes her cause of action, unless that bequest to her is shown to have been satisfied in whole or in part. As to the affirmative defense, the burden is on appellee. The appellant is entitled to recover the full

two hundred dollars, unless the contention òf appellee has been established by the evidence. The appellee relies on the receipts to establish such partial satisfaction. If the case stood alone on the will and the receipts, without explanation, the appellant would fail as to the $130, but to overcome the statements in the receipts, appellant relies on the subsequent declaration of the testatrix.

It is clearly and unequivocally stipulated, in the agreement, "that frequently after making her will the said Charity stated to different parties that she intended the said Minerva to have two hundred dollars out of her estate at her death."

These statements are inconsistent with the theory that she intended the amount specified in her will should be reduced by deducting the previous payments evidenced by the receipts. In order to give effect to the will, which is in harmony with her subsequent declarations, the presumption must be indulged that the testatrix, at some time either before or after the execution of the will, converted the amounts mentioned in the receipts into absolute gifts. On the evidence embodied in the agreement, it follows of necessity that if the bequest mentioned in the will was diminished by the amount of the receipts, appellant would not receive two hundred dollars out of her estate at her death.

In this connection, it should be borne in mind that we are not allowed, under the authorities cited, to indulge in this case any presumption favorable to the decision of the court below, but are required to weigh the evidence as if we were trying the case originally.

"The intention of the testator is the important consideration" ( *Weston* v. *Johnson, supra*), and the "question of satisfaction is one of presumption upon all the circumstances of the case." Redfield on Wills, *supra*.

Inasmuch as the burden of showing such satisfaction,

in whole or in part, is on appellee, our conclusion, for
the reasons stated, is, that the evidence set out in the
agreement, on the theory that this is an agreed case, is
not sufficient, in our opinion, to authorize the court in
holding that the testatrix, at her death, intended that the
$130 should be deducted from the $200 bequest; that
such was her intention when the will was made is prob-
able, but however this may be, her subsequent repeated,
clear, and unequivocal declarations tend strongly to sup-
port the theory that she had at some time after the date
of the receipts, prior to her death, converted the previous
payments evidenced by such receipts into absolute gifts
( *Chapman* v. *Allen, supra* ), and in any event, it is appar-
ent that she, by and through such bequest, understood
and intended that appellant, notwithstanding such pay-
ments, should have and receive $200 at her death out of
her estate.

We have endeavored to examine and discuss the ques-
tions which have been argued by counsel, or which have
occurred to us, growing out of the agreement, in their
different phases, without closely discriminating as to
what is mere evidence, or what are ultimate facts, but in
doing this we are conscious that we have, in some re-
spects, at least, given more attention to what is mere
evidence than we were required to do, in the view we have
taken of the case.

We now return to the further consideration of the
question which, in our opinion, is the controlling one,
and the decision of which necessarily determines the
rights of the parties in this controversy, and to which
we have referred in the earlier part of the opinion.

If this proceeding is to be regarded as a claim against
a decedent's estate, within the purview of the statute re-
lating to the settlement of decedents' estates, and the
statement set out in the record should, for that reason,

be treated as an agreement of the evidence, then there is, perhaps, no error in the record; but if this is an agreed case under the statute, and is to be treated as such in this court, and the ultimate facts only as therein stated are to be regarded by the court, then, under the authorities cited, and for the reasons herein before given, the judgment of the court below should be reversed.

The material question, therefore, is whether the case shall be decided on the basis enunciated by the Supreme Court in *Booth* v. *Cottingham, supra,* or whether we shall apply the rule announced by this court in *Henes* v. *Henes, supra.*

There were pleadings in the Henes case, and the parties entered into an agreement which the court held was simply a statement of the evidence, and which was treated accordingly. In this case, aside from the other distinction, there are no pleadings. This is either an agreed case, under the statute, or is nothing. There was no claim or action pending as the basis for any agreement in relation to the evidence. The parties have at all stages of the proceedings treated this as an agreed case. The controversy was submitted to the court below on that theory, and has been so presented here. The parties have, in all respects, acted in good faith, and invoke the decision of the court on the record, on that theory. If we hold that an executor can not, under any circumstances, enter into an agreed case with a legatee, in order to secure the judgment of the court thereon as to the rights of such legatee, if any, under the last will and testament of the decedent, then it results that the court has no jurisdiction of the subject-matter of the controversy.

As applicable to the record and facts before the court in the Henes case, and the questions therein presented to, and determined by, the court, there is no reason, so

Robbins v. Swain, Executor.

far as this case is concerned, for not adhering to that decision; but the opinion in that case does not control here, because as applicable to the question we have under consideration in this case, we are of the opinion that administrators, executors, and guardians stand on the same footing; and in the absence of any objection by some one interested in the determination of the controversy, and in view of the theory relied on by the parties, we are disposed to follow the rule laid down in the case of *Booth* v. *Cottingham, Guar., supra;* section 230, Elliott's App. Proced.

The judgment of the court below is accordingly reversed, with instructions to state conclusions of law on the agreed case in favor of appellant for two hundred dollars, and to render proper judgment accordingly.

Ross, J.—While I can not accept all the reasoning contained in the opinion of Davis, J., I concur in the result.

Filed June 2, 1893; petition for a rehearing overruled Oct. 12, 1893.

### Dissenting Opinion.

Reinhard, J.—For the reasons hereinafter set forth, I am not able to agree with a majority of the court as to the result reached in the prevailing opinion.

The statement filed in this case as an agreement of the facts should not be treated as an agreed case.

In *Henes* v. *Henes*, 5 Ind. App. 100, 31 N. E. Rep. 832, it was decided by this court that the statute relating to agreed cases does not apply to claims against decedents' estates. The reason for this ruling is that the filing of such claims is governed by special statute, and not by the provisions of the civil code, and, as it is beyond the power of an executor or administrator to bind the heirs, legatees, or creditors of the estate for which he

Vol. 7—32

is trustee by absolutely admitting the claim over the requirement of the court for additional evidence in support thereof, so it is beyond his power to bind the heirs, legatees, or creditors of the estate by his admissions in an agreed case. If that decision declares the law correctly, there is no agreed case here. It is begging the question to say that this is not, strictly speaking, a claim against an estate, but a proceeding to construe a will.

The only order that can be made by the circuit court in this case is one of an allowance against the estate of Charity Middleton, deceased, and, to the extent of such allowance, the shares of the residuary legatees will be diminished.

Nor is it easy to perceive how the case of *Henes* v. *Henes, supra,* in any manner conflicts with the doctrine enunciated in *Booth* v. *Cottingham, Guar.,* 126 Ind. 431.

In the case last cited, it is declared that if the parties treat the paper filed as an agreed case, although the same may not be such in strictness, they are bound by the theory upon which they acted.

This is, doubtless, good law when applied to ordinary civil actions, but it can have no relevancy to claims such as is involved in the present case. To say that the statute as to agreed cases does not apply to claims against decedents' estates, but that nevertheless if an executor or administrator enter into such an agreement, and the parties treat it as such, the estate will be bound by it, is an anomaly indeed. If the parties can make an agreed case by treating it as such, they can make one whenever they desire, and claims against estates of dead persons form no exception.

If, then, this is a claim of the character indicated, and the decision in *Henes* v. *Henes* is to stand as the law, the parties were powerless to make an agreed case, and the

paper filed is nothing more than an agreement of what the evidence shall be. Moreover, it is true that the agreed facts in this case are not ultimate facts, but evidentiary facts, for the most part, and the will itself is not set out, but merely referred to in the agreement. If this position is correct, the agreement must be treated by this court as other evidence given in the trial court, and this rule requires us to indulge every presumption in favor of the conclusions drawn by that court upon such evidence.

Nor will it do to say that, as there were no pleadings in this case, the paper filed as an agreed statement of facts is nothing if not such, and that the entire procedure is a nullity. The paper filed as an agreed statement of the facts is not a mere cipher, although its contents may not rise to the dignity of an agreed case. The paper contains a statement of the facts relied on by the legatee, and is signed and verified by both the claimant and the executor. No reason appears why such a paper can not take the place of the succinct statement required by the statute. Elliott's Supp., sections 385 *et seq.* The court doubtless had a right to treat the statement as the complaint in the case, and the fact that the executor agreed to it was but an evidence that he admitted the facts stated therein. In my judgment, the court was not concluded by this agreement, but might have required and heard additional evidence, and taken into consideration the will itself and all surrounding circumstances of the case.

The receipts incorporated in the statements of the parties are as follows:

"March 1, 1868. Received of Charity Middleton one hundred dollars, as a part of such amount as she may see fit to bequeath to me at her decease.

"MINERVA ROBBINS."

"August 25, 1869. Received of Charity Middleton

thirty dollars, as a part of such amount as she may see proper to bequeath to me at her decease.

                                        "MINERVA ROBBINS."

It is stated, in the agreement, that these receipts were found in the possession of Swain at the time of the death of the testatrix, and though written by Swain as her agent, and in form as suggested by him, they were taken "with her knowledge and by her direction, and that she knew they were so taken." This being so, it can well be seen how the court below could construe them as an expression of the decedent that the amount represented by them was to be considered as a satisfaction *pro tanto* of the legacy. Indeed, it is hard to see how the court could have found otherwise, when the will and all the circumstances and facts are construed together. If the receipts contained a simple acknowledgment of the payments therein represented, without stating that they were to be considered as portions of the bequest, no presumption of ademption or satisfaction would arise from them, and the general rule would be applicable, that the will itself being the last expression of the testatrix, any payments made beforehand should be considered as gifts.

But it seems, from the receipts, that the payments of the sums represented by them were made with the express agreements that they were to operate as a satisfaction *pro tanto* of the bequest. The will itself shows, moreover, that the testatrix had another niece, to whom she also bequeathed $200, thus indicating that the intention of the testatrix was to place them both upon an equality, and there is no showing made of any advances to the other niece.

But it is said that the testatrix, after the making of the will, made statements to the effect that she intended that Minerva should have $200 out of her estate at her death. Giving these so-called admissions their full force, they

mean no more than is implied in the language of the will itself. That instrument provided, in effect, that Minerva should have $200 out of the estate of the testatrix at the time of her death. Her oral statements to the same effect can add no force to the language of the will itself, and they were not inconsistent with her intention or the intention of both parties, that the amounts for which the receipts were given should be considered in part satisfaction of the bequest. When considered in this light, there is no evidence whatever that the testatrix changed these amounts into gifts outside of the legacy.

We think it must be apparent that it was the intention of both the testatrix and the claimant that the latter should have $200, and not $330, of her bounty. It is, therefore, immaterial whether the technical doctrines of ademption may be applied with all their force to the facts in this case or not. The testatrix was under no obligation to bestow any portion of her estate upon the claimant, but could dispose of the same according to her wishes. The important matter in such cases as this is to arrive at the intention of the testator. This the court below found to be in harmony with the expressions contained in the receipts, and to the effect that $200 was all she intended to leave the appellant. The court had ample evidence to base this conclusion upon, and the finding seems to be just and fair under the circumstances of the case. The construction placed upon the evidence by the court below is not inconsistent with the terms of the will, and is the only rational conclusion that can be reached, unless a forced construction is given to the alleged oral declarations of the testatrix.

It is insisted by counsel for appellant, and may be conceded, that as the testatrix in this case does not stand *in loco parentis* to the legatee, the doctrine of ademption

does not apply.    But while a legacy may be adeemed by implication, when such relationship exists, there is no rule of law that prohibits a legacy from being satisfied by advancements, by express agreement, even though the legatee be a stranger.    Section 13, Am. and Eng. Encyc. of Law, p. 70 *et seq.*

The following authorities cited by appellee's counsel fully support the views here expressed: *Richards* v. *Humphreys*, 15 Pick. (Mass.) 133; 1 Roper on Legacies, top p. 367; 2 Am. Notes, 4 Lond. Ed.; *Jaques* v. *Swasey*, 153 Mass. 596; 1 Pom. Eq. Jur., 564 and 560, note 1; *Gray* v. *Bailey*, 42 Ind. 349.

I think it appears sufficiently, from the facts stated, that both the testatrix and the legatee in this case intended that the payments made should operate as a satisfaction *pro tanto* of the legacy, and that, even if this were an agreed case, the court did not err in so construing the facts, especially as nothing was shown to indicate that the payments were changed into absolute gifts.

The judgment should be affirmed.

