SEVERENS, District Judge.
The defendants, Thomas M. Adams and E. C. Means, as administrators with the will annexed, have filed a petition for a rehearing of this case, upon the following grounds:
*449 “First. Because the settlement of October 16, 1890, is decreed to be set aside upon grounds not alleged in the bill, and which- were therefore not discussed by counsel for the petitioners at the argument.
“Second. Because, upon the question whether the notes of William Means are forgiven by the fifth clause of the will, there is a clear distinction, overlooked by the court, between the note of November 22, 1888, for $45,000, and the other notes covered by the settlement.
“Third. The petitioners believe, and are so advised by their counsel, that a consideration of arguments which, for the reason aforesaid, were not presented at the hearing, will lead this honorable court to a decision in their favor.”
In the statement of the grounds and arguments appended to the petition, and in support thereof, counsel, in addition to the suggestion of reasons relevant to the particular ground first stated, on which a rehearing is asked, go into a discussion of other matters involved in the merits of the case, which have already been considered by the court, and passed upon in the opinion hitherto filed. We do not deem it necessary to reconsider those matters, including the supposed distinction between the note of November 22, 1888, for $45,000, and the other notes covered by the settlement, and shall therefore attend only to the special matter alleged in the petition, which is substantially this: whether the conclusion which we reached ought to stand, in view of the allegations contained in the pleadings. The ground of complaint is that the settlement of October 16, 1890, between the administrators and William Means, is alleged in the bill to have been made upon a fraudulent combination with William Means for the purpose of defeating the rights of the plaintiffs, and not that it was a fraud upon him, as the court appears to have found it to be, and upon which latter view it is said the conclusion of the court rests; and thereupon it is contended that the decision is inconsistent with the allegations of the bill. We do not think this suggestion of inconsistency rests upon any solid ground. The material facts upon which the complainants’ case was founded, and upon the proof of which their right to relief was made out, were these: The making of the will, the death of the testator, the assignment of William Means’ legacy to the complainants, and the giving of the receipt to the administrators by William Means without payment of the legacy, either to him or his assignees. These facts the bill avers. All the rest was defensive, and the burden of allegation and proof that the legacy had been paid or validly released was upon the defendants. This burden was assumed and the defensive allegations pleaded in the answer of the administrators. It is true, as stated, that the complainants alleged in their bill that the defendants entered into a fraudulent combination with William Means by which they attempted to secure his receipt for his legacy, in fraud of complainants, and that, in pursuance of said combination, William Means executed the receipt; but the defendants denied these allegations in their answer, and averred: “That the said receipt was not executed or delivered, in whole or in part, by reason or in pursuance of the pretended fraudulent agreement or combination in the bill set up, and that no such combination was ever made; and they deny each and every allegation in the bill in respect thereof.” And throughout they have strenuously maintained this aver *450 ment. In the briefs filed and at the argument, counsel maintained that there was no such combination. This they probably felt bound to do in order to resist the effect of the alleged assignment of his legacy by William Means to his family, and the decree of the Greene county court of common pleas. This court did not find that there was any fraudulent combination between the administrators and William Means in making the settlement of October 16, 1890, to defeat the rights of the beneficiaries under the complainants’ trust, and to that extent practically sustained the defendants’ contention, but upon other grounds held that the complainants were entitled to recover the amount of the legacy. The grounds upon which the court proceeded were strenuously contested, and in the printed and oral arguments were fully and elaborately discussed. What the defendants now contend for is that the complainants, by an allegation in the bill which they deny the truth of, and which allegation is unproved, ought to be precluded from recovery upon other substantive and sufficient allegations of fact which the court has found to be established. We think it clear that this proposition cannot be maintained, and that, as no other new matter is submitted, the petition should be denied.