### HARPER v. HARRIS et al.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1923.)

No. 6270.

1. **Descent and distribution ☞93—"Advancement" used only in connection with gift made in contemplation of death of donor.**

The term "advancement" is used only in connection with the contemplated death of a person who will leave an estate subject to distribution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Advancement (to Child).]

2. **Descent and distribution ☞93—Wills ☞758—Generally law of advancements applies only in cases of intestacy.**

The general rule is that the law of advancements applies only in cases of intestacy, though a testator by affirmative provision in his will may adopt the doctrine in making disposition of his estate in order to equalize distribution among legatees and devisees, in which case his intention is controlling.

3. **Wills ☞758—Question whether gifts were advancements does not arise till death.**

The question whether a transfer of property in contemplation of death is an advancement or otherwise does not arise until that death occurs, whether the estate passes under the laws of descent and distribution, or under a will in which the testator has recognized former donations of property and confirms them as advancements.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Wills ⬤�ネ758—Gift of land to a son, who was made sole devisee and legatee of the donor, not an advancement.**

Where a testator by his will left his entire estate to an only son, the question of advancement cannot arise in connection with a prior conveyance of land to the son.

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit in equity by William Edward Harris, executor of the will of W. R. Harris, deceased, and others, against David Monroe Harper, by Hiram M. Dow, his guardian ad litem. Decree for complainants, and defendant appeals. Reversed and remanded.

Tomlinson Fort, of Roswell, N. M. (Hiram M. Dow, of Roswell, N. M., on the brief), for appellant.

R. D. Bowers, of Roswell, N. M., for appellees.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

KENNEDY, District Judge. The essential facts for the determination of the legal questions in this case appear to be as follows:

In the court below the appellant was the defendant and the appellees, the plaintiffs. In April, 1914, a contract was entered into between W. R. Harris and Monroe Harper. Harris subsequently died, and his executor brought this suit against David Monroe Harper, who was the son of the Harper who made the original contract. The contract was for the purchase and sale of lands, or virtually the trading of lands between the parties; other provisions of the contract being immaterial here. One parcel of the land traded by Harris to Harper was, at the request of Harper, deeded to his son David Monroe Harper, the appellant here; there being no other or further consideration between the younger Harper and Harris than this request of the father.

Harper likewise deeded certain lands to Harris. Subsequently it appeared that a lease was in existence at the time of the transfer, upon the land so transferred by Harper to Harris, which was in violation of the covenants in the deed, and the lessees having been dispossessed by Harris, brought suit against Harris, his wife, and Harper for damages in the state court of New Mexico and recovered judgment against Harris and his wife, the elder Harper having originally been joined as defendant, but having died in the meantime, and the action having been abated as to him. The judgment was entered only as against the Harrises. That case was subsequently appealed from and the judgment affirmed in the state courts.

The plaintiffs now seek by virtue of said judgment to impress a lien upon the land which Harris deeded to the younger Harper by the direction of his father. This relief is sought under and by virtue of a statute of the state of New Mexico which reads as follows:

"Lineal and collateral securities in all cases are hereby forbidden, but the heirs and legal claimants of any person who may have made any written contract or agreement shall be responsible for said contract or agreement to

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the extent of the lands limited or bequeathed, in such case, and in the manner prescribed by law." Section 4766, New Mexico Statutes, Annotated Codification of 1915.

The suit is brought upon the theory that the younger Harper, with respect to the lands which were transferred to him, was an heir of his father, bringing him within the scope of this section of the New Mexico statute, by reason of the fact that the transfer of the land at the request of the elder Harper was an advancement, and therefore in the nature of an inheritance. This in substance is specifically alleged in the bill.

The record discloses, further, that subsequent to the transfers of land under the aforesaid contract the elder Harper removed to the state of California, and while there made a last will and testament, which appears in the record before this court, by which will the younger Harper, who was an only son, was made the sole beneficiary of his father's estate. This will was subsequently probated in the California courts.

Various legal questions are raised in the briefs, but the most important question in the case is as to whether or not the transfer of the land from the elder Harper to his son was an advancement, and this will be accordingly first considered. In Corpus Juris, the term "advancement" is defined in the following language:

"In its legal sense, and as employed in the law of descent and distribution, an advancement is an irrevocable gift in præsenti of money or property, real or personal, to a child by a parent to enable the donee to anticipate his inheritance to the extent of the gift. It has been defined by Code as any provision by a parent, made to, and accepted by, a child, out of his estate, either in money or property, during his lifetime, over and above the obligation of the parent for maintenance and education." 18 C. J. 911.

[1] The term "advancement" is only used in connection with the contemplated death of a person who will leave an estate subject to distribution. Where property is therefore given by some person having in view his subsequent demise, the particular question as to whether or not such transfer of property was an advancement does not become pertinent until the death of the donor, because the term "advancement" itself contemplates the share of the donee as an heir of the donor, with respect to other heirs. During the life of the donor, therefore, the status of the property transferred, as to whether or not it was an advancement, would not be considered, as a question of distributive shares in estates could not arise until the death of the party who transferred the property. Corpus Juris discusses this principle in the following language:

"Gifts by a parent to a child cannot be deemed advancements so long as the donor is alive, because it is merely as auxiliary to the distribution of decedents' estates that the question is raised." 18 C. J. 918; Springer's Appeal, 29 Pa. 208.

An advancement in the first instance is a gift, for the reason that, should the donee die before the donor, thereby precluding the former from becoming an heir of the latter, the question as to whether or not the transfer of property was an advancement would not arise. Corpus Juris again says:

"While it is essential to an advancement that there be a gift, and although every advancement is, in a sense, a gift, it is distinguishable from an ordinary gift inter vivos by the fact that the amount or value of what is given as an advancement is charged against the donee's distributive share of the donor's estate." 18 C. J. 912.

The term is therefore discussed in the books only with respect to the estates of deceased persons.

[2] The question then arises as whether or not the doctrine of advancement is applicable to cases of both testacy and intestacy. The general rule has been laid down that the doctrine of advancements applies only in cases of intestacy, except that in some jurisdictions and chiefly under statutory provision, it applies in cases of partial intestacy. 18 C. J. 918; Owsley v. Owsley (Ky.) 77 S. W. 394; McCormick v. Hanks, 105 Iowa, 639, 75 N. W. 494. In cases of testacy, however, the term is frequently found in construing the provisions of wills which have made use of the term in attempting to equalize the distribution of estates among legatees and devisees. An example of this is the case of Cowen v. Adams, 80 Fed. 448, 25 C. C. A. 547, affirmed in Adams v. Cowen, 177 U. S. 471, 20 Sup. Ct. 668, 44 L. Ed. 851. Cyc. has defined this use of the term in the following language:

"Testators by their wills may and sometimes do adopt the law of advancements, by directing that amounts advanced to legatees and devisees shall be deducted from the shares given them by the will; and where testator's intention is clear that sums advanced should be deducted from bequests made, his intention must of course control." 40 Cyc. 1922; In re McKibbin's Estate, 207 Pa. 1, 56 Atl. 62.

[3] But in either case the question of whether a transfer of property in contemplation of death is an advancement or otherwise does not arise until that death occurs, and this is true whether the estate passes under the laws of descent and distribution, or whether it passes under a will in which the testator has recognized former donations of property and confirms such donations as advancements for the purpose of equalizing his property among his heirs. This would seem naturally to lead to the conclusion that the doctrine of advancement does not apply in cases of testacy, except where the testator by affirmative provision in his will has adopted the doctrine or law of advancements, in making disposition of his estate. If, therefore, a transfer of property has been made even in contemplation of death to an heir, and the testator by his will does not choose to recognize such transfer as in the nature of an advancement to that heir in relation to his other heirs, such transfer is not an advancement, and is nothing more or less than a gift.

[4] Applying this rule to the facts in the case at bar, we find that the elder Harper left a will in which he nowhere recognized the former transfer of property to the appellant as an advancement. In fact, under the terms of his will he left his entire estate to the appellant. This construction leaves the theory of advancement in the case at bar entirely without support.

Another cogent reason for the conclusion that there was no advancement in the case is that an analysis of the evidence which in any way tends to support the theory of advancement shows that there is only the testimony of one witness which may be considered, and to the

effect that the elder Harper stated, at the time he requested this property to be deeded to his son, that "he did not want it mixed up in his estate, to be given after his death, because he did not think he would get it." This statement of the elder Harper comes far short of signifying an intention on his part to equalize his estate as among his heirs after his death, which, as before stated, is the only theory under which a gift can be considered an advancement. The appellant, as a matter of fact, was the only son of the elder Harper, although he had three stepchildren; but these under no circumstances could be considered in the light of being his heirs, so as to be entitled to a distributive share of his estate. The only other possible heir was the wife of the elder Harper, and she is nowhere mentioned, in the testimony concerning the transfer of the property, as being considered by the elder Harper as an heir, with the view of subsequently equalizing his estate as between her and his son.

For the reasons stated, the decree of the trial court must be reversed, and the cause remanded, with directions to dismiss the bill of complaint.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes