# No. 13,785.

## ESTATE OF GRIGSBY.
### GRIGSBY, ADMINISTRATOR *v.* GRIGSBY, ADMINISTRATRIX.
#### (56 P. [2d] 1318)

Decided April 6, 1936.

Messrs. ROBINSON & ROBINSON, for plaintiff in error.

Mr. CLAUDE W. BLAKE, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS action involves the estate of Ida Grigsby, deceased. She died testate on September 17, 1932, being survived by her husband, W. S. Grigsby, Gail G. Grigsby, adult son, and Ruby Ruth Grigsby, adult daughter. By her will, executed June 3, 1920, she devised one-half of all her property to her husband, $1,000 to Gail and the remainder to her daughter, Ruby. W. S. Grigsby was appointed executor and the will was admitted to probate October 24, 1932. The executor filed his inventory January 9, 1933, listing real and personal property to the value of $35,742.72, a part of which is represented by six promissory notes of W. S. Grigsby, the husband. The principal of these notes was $15,807, with interest of $933.85, or a total of $16,740.85, figured as of the date of the death of testatrix. These various notes are dated from five to twelve years after the date of the execution of the will and were certified as indebtedness to the estate by the maker as executor. After publishing notice of final settlement, W. S. Grigsby, the executor, died

January 2, 1934, and January 9 following, the daughter, Ruby Ruth Grigsby, residuary legatee and devisee, was appointed administratrix with the will annexed to complete the administration of the estate, and as such filed her final report February 10, 1934. Attached to this report was the receipt of Gail G. Grigsby for his $1,000 legacy, the receipt of Ruby Ruth Grigsby for the balance of the funds in her hands as residuary legatee, also the following receipt of W. S. Grigsby:

"State of Colorado, ⎱ ss.
 City and County of Denver, ⎰
"Estate No. 50,714 December 26, 1933
"$17,764.22

"Received of W. S. Grigsby, Executor of the Estate of Ida Grigsby, Deceased, the sum of $17,764.22 evidenced by promissory notes and interest thereon due and payable by me to said deceased as listed in inventory of said estate, as and for distributive share in accordance with terms of Last Will and Testament of said deceased.

"Voucher No..........

W. S. Grigsby."

So far as can be determined from an incomplete record and abstract thereof, Gail G. Grigsby thereafter was appointed coadministrator with his sister Ruby, of the estate of their father W. S. Grigsby, and he apparently filed a petition in the county court in the estate of Ida Grigsby, praying that the notes of W. S. Grigsby be adjudged and decreed to be no part of the estate of Ida Grigsby and that the notes be decreed to be satisfied, cancelled and held for naught. This petition set out the following written statements of Ida Grigsby, alleged to have been signed at the time she executed her will:

"I am making this statement in connection with my Will—Gail had over $2,000 at School of Mines and more than $500 on that Placer mining in Routt Co. and $9000 more or less on Sec. 11, Weld Co. Colo., which was all borrowed from me, and never returned, or paid by either

Gail or W. S. Grigsby, and for which I hold notes against W. S. Grigsby and on which he tried to pay interest. In order to give Ruby somewhere near the same, I have made my will, as it is, because neither Gail or W. S. Grigsby can repay me. Ruby has never received anything so she shall now have it in property.

"Ida Grigsby, June 3, 1920. Denver, Colo.

"I do not wish W. S. Grigsby's notes to appear as in my property on account of inheritance tax, but the notes must be deducted out of his share and as Gail got the benefit of same, and no one else—I consider it as his part of his share from me.

"Ida Grigsby."

Relying on these statements, it was alleged in the petition, in substance, that the testatrix intended thereby that the promissory notes listed by W. S. Grigsby, in his inventory, were not to be charged to W. S. Grigsby; that all the money evidenced thereby was an advancement to Gail Grigsby from the testatrix and had thereby been converted into a gift.

Ruby Grigsby demurred to this petition for insufficient facts, the demurrer was sustained by the county court, and a like demurrer sustained to an amended petition. Thereupon Gail Grigsby perfected an appeal to the district court, where he again amended his petition, to which petition as amended a demurrer was sustained, and judgment entered May 25, 1935. On that day the county court signed and entered its decree of final settlement and approved the final report filed by Ruby Ruth Grigsby. To the judgment of the district court, Gail Grigsby assigns error.

The petition presents the following pertinent allegations, which in substance are: That the written statements of testatrix were in the possession of the administratrix; that the notes of W. S. Grigsby, referred to, were retained by the testatrix during her lifetime, and are the notes mentioned in the written statements or renewals thereof; that they came into the hands of W. S.

Grigsby, the executor, who listed same as his debt to the estate; that he further acknowledged this indebtedness by receipting to the estate for his share of the assets thereof, evidenced by these notes; the petition alleges however, in substance, that in doing so, Grigsby executed the receipt "under the mistaken apprehension that he was required to accept said notes as his share of the testatrix estate and * * * was in such condition mentally and physically as not to be capable of understanding his rights in the matter." The petition fails to allege any illness, misapprehension or mental incapacity of W. S. Grigsby, when he prepared and filed the inventory nearly one year before.

The question before us is the correctness of the ruling of the district court in sustaining the demurrer to the petition hereinbefore mentioned. We believe, and so hold, that the court was right in its ruling. To avoid undue length of discussion, we will not set out the petition in full but will discuss only those parts which in our opinion defeat its purpose.

 The petition alleges testacy and seeks to have invoked the doctrine of advancements, supporting the contention therefor by the extraneous written statements of the testatrix herein set out. The question of advancements has no place in consideration of the disposition of a testator's estate unless such advancements are specifically mentioned, and provision for their disposition made in the will. If the will is clear and unambiguous, as we find it to be in this case, then it is the final expression of the testator's desire and purpose and represents the full extent of his bounty. It is to be presumed that the testator made her will with knowledge of the law concerning such matters, and in doing so, had full opportunity to have saved, if she so desired, the question of advancement, not presented. In the matter of descent and distribution of intestate estates, appropriate statutes of this state govern the question of advancements. The petition discloses, by attempting to give effect to

the extraneous written statements, that testatrix considered the notes as part of the assets of her estate and directed in such statement, "but the notes must be deducted out of his share," and this contradicts the following allegations of the petition: "That the testatrix intended that said notes should not be a part of said estate and said notes are no part of said estate. * * * That said notes were satisfied by the testatrix." This is a sufficient contradiction within the petition itself to justify the sustaining of the demurrer thereto.

Petitioner virtually admits that W. S. Grigsby acknowledged owing the notes to the estate when he listed them in the inventory filed by him as executor. Certainly petitioner acquired no better position than that held by W. S. Grigsby, through whose estate he seeks benefits. By his petition, he makes no claim that the notes were satisfied and the debt forgiven by testatrix. It is well settled that where the representative of an estate inventories a debt owing by himself to the estate, this is evidence of the existence of the debt as a valid and enforceable claim. 23 C. J. 1168. The retention of the notes by the testatrix, as alleged in the petition, raises the presumption that the debt represented thereby was not satisfied. Where a debt is evidenced by a writing which appears among the testator's effects as uncancelled, it may be regarded as an asset of the estate. Schouler on Wills (6th Ed.), Vol. 4, §3183.

There is no allegation in the petition to the effect that the will is ambiguous or its construction doubtful. Finally, the petition alleges the acceptance of the notes by Grigsby as his distributive share. This acknowledgment by Grigsby confirms the contention that the notes were valid obligations due the estate, and when so acknowledged by the person who made them, it estops the petitioner, who is claiming under him, from denying such acceptance.

The petitioner indirectly attacks the validity of the will as probated in that he contends that certain

rights are fixed and established by the extraneous written statements of testatrix. If for no other reason, petitioner, when he accepted and receipted for the $1,000 legacy due him under the will, then was estopped from attempting to impeach its validity.

The foregoing reasons are sufficient to support the action of the trial court in sustaining the demurrer, and its judgment thereafter entered is affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.