OLD COLONY TRUST COMPANY, administrator with the will annexed, *vs.* ANNE T. UNDERWOOD & others.

Suffolk.    March 2, 1937. — May 25, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Devise and Legacy*, Loan by testator to legatee.

A loan by a parent to a child, agreed by the child to be an advancement when made but outlawed before the date of the parent's will executed long afterwards, could not be charged against a legacy to the child unless the will so provided.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on April 14, 1936, by the administrator with the will annexed of Ruth H. Tompson, late of Boston.

The petition was heard by *Dolan*, J., and a decree was entered that the estate be distributed according to the terms of the will without charging a debt of the respondent Nahum Ward Tompson against a legacy to him. The respondent Edward S. Tompson appealed.

The case was submitted on briefs.

*D. M. Hill, D. M. Hill, Jr., & E. A. Neiley,* for the respondent Edward S. Tompson.

*H. H. Ham & K. L. Pease,* for the respondent Nahum Ward Tompson.

QUA, J.   In 1916 and 1917 the petitioner's testatrix, Ruth H. Tompson, lent to her son Nahum Ward Tompson sums of money aggregating $15,000, which Nahum Ward Tompson agreed in writing to repay to her with interest. In the same instruments he agreed that said sums "shall be regarded as an advance to me in the event of the death of Ruth H. Tompson before payment." No part of these sums has ever been repaid. At the time the loans were made Mrs. Tompson had no will, her heirs at law would have been her three children, who in fact survived her, and she would have left an estate of not less than $200,000. In 1932 Mrs. Tompson executed a will, since admitted to probate, wherein, among other dispositions, she gave legacies of $5,000 each to her daughter Anne T. Underwood and to her son Edward S. Tompson and a legacy of $4,000 to her son Nahum Ward Tompson and divided the residue equally among the three children. She died in 1935. At that time her estate did not exceed $30,000, and the specific devises and legacies practically exhausted it. She never brought action to collect the sums lent. The agreements of Nahum Ward Tompson to repay these sums were in her safe deposit box at the time of her death.

The question at issue is whether the respondent Nahum Ward Tompson is entitled to receive the share in his mother's estate given to him by her will or whether his interest in her estate is wiped out by reason of his indebtedness to her incurred in 1916 and 1917.

The appellant, Edward S. Tompson, concedes that as the testatrix's right of action for the money lent had been barred by the statute of limitations before her death, there is no debt now due from Nahum Ward Tompson which can be set off as such against the legacies payable to him. *Allen* v. *Edwards,* 136 Mass. 138. But the appellant contends that the debts originally created by the loans

are now, after Mrs. Tompson's death, by the terms of the agreements, to be regarded as advancements which in that character are to be charged against the bequests to Nahum Ward Tompson.

If we assume that the agreements were intended to create, and could create in this way, both debts and advancements, it does not follow that effect should be given to that intent now, when the result of so doing would be to destroy in considerable part the dispositions contained in the testatrix's will, which was made long afterwards and which contains no suggestion that the share of Nahum Ward Tompson is to be reduced by the amount of the outlawed loans. It is held with great unanimity that the doctrine of advancements, in the accurate use of that word, applies only in the event of intestacy, and that where the person making the advancement later makes a will containing provisions in behalf of the person to whom the advancement has been made, but not in any form of words preserving to the estate the benefit of the advancement, the will must be presumed to have been made with full knowledge of what had gone before and is therefore the final and controlling expression of the testator's purpose, and the legacies contained in it are not to be reduced by the amounts of the former advancements. *Bowron* v. *Kent,* 190 N. Y. 422. *In re Farmers' Loan & Trust Co.* 180 App. Div. (N. Y.) 876. *Estate of Hayne,* 165 Cal. 568, 574. *Estate of Vanderhurst,* 171 Cal. 553, 558. *Grigsby* v. *Grigsby,* 98 Colo. 489. *In re Estate of Hall,* 132 Iowa, 664. *Gulley* v. *Lillard's Executor,* 145 Ky. 746. *Kuhne* v. *Gau,* 138 Minn. 34. *Gibson* v. *Johnson,* 331 Mo. 1198. *Clark* v. *Clark,* 125 Ore. 333. *M'Kibbin's Estate,* 207 Penn. St. 1. *Hayes* v. *Welling,* 38 R. I. 553, 568. *Harper* v. *Harris,* 294 Fed. 44. The matter seems to have received little discussion in this Commonwealth. Decisions which have touched upon it are in accord with the foregoing statements. *Jones* v. *Richardson,* 5 Met. 247, 252. *Bacon* v. *Gassett,* 13 Allen, 334, 337. *Taylor* v. *Taylor,* 145 Mass. 239. *Jaques* v. *Swasey,* 153 Mass. 596. See G. L. (Ter. Ed.) c. 196, §§ 3–8.

It has been said, however, that the person receiving a gift or payment may bind himself by agreement to apply it on account of a legacy which is subsequently to be made in his behalf, so that to repudiate such agreement would be a fraud on his part. *Jaques* v. *Swasey*, 153 Mass. 596. We think that the present case falls within the general rule and not within the exception last mentioned. The agreements do not refer to any will or legacy which Mrs. Tompson was to make in reliance thereon, and it does not appear that any will was then contemplated. Mrs. Tompson could dispose of her estate as she saw fit. Her course in not collecting any part of the loans for over fifteen years, allowing them to outlaw, and then making a will wherein she gave Nahum Ward Tompson a legacy of $4,000 and a nominal interest in the remainder of her estate with no mention of the loans of $15,000 was a strange course to take, if she intended still to have the loans regarded as advancements.

We conclude that Nahum Ward Tompson is entitled to receive the gifts made to him in the will without charging the loans against them. Costs of this appeal as between solicitor and client are to be at the discretion of the Probate Court.

*Decree affirmed.*