In re HOPE'S ESTATE.
Admin. No. 70313.

United States District Court
District of Columbia.
March 7, 1950.

Henry Lincoln Johnson, Jr., Washington, D. C., for petitioner.

George E. C. Hayes, Washington, D. C., for respondent.

KEECH, District Judge.

This case is before the court on a petition by the administrator, Edward S. Hope, for instructions as to administration of the estate of his mother, Lugenia B. Hope.

The pertinent facts disclosed by the petition, exhibits appended thereto, and answer of John Hope II (which it was stipulated shall be treated as sworn to by him) are, briefly: The testatrix made her home with her son Edward for some months prior to February, 1947, first in Honolulu and subsequently at his quarters at Howard University in Washington. The latter quarters were on the second floor of a University building and unsuited to testatrix, who, because of a heart ailment, had to be carried up and down stairs. Petitioner had been looking for a suitable home for some time. Petitioner requested and received from testatrix the sum of $3,700 to assist him in purchase of a home. Testatrix had requested petitioner to seek a house with a room and bath on the first floor and no steps to the lawn, in consideration for which petitioner states that testatrix was to destroy the receipt for $3,700.00. This last statement is contested by testatrix' other son, John Hope II.

The receipt executed by petitioner is dated February 10, 1947, and reads: "Received of Mrs. Lugenia B. Hope $3,700.00 for use in purchase of a home. This is to be considered as a part the proportion of the legacy to be left to me."

On May 31, 1947, the testatrix executed a will, which, after certain bequests of personal property, provided: "All the rest and residue of my estate, real personal and mixed, I give devise and bequeath to my two sons, John Hope II and Edward Hope, share and share alike, provided however, that in the event either or both of them should predecease me, there (sic) the share or shares of such deceased son or sons shall stand given, devised and bequeath to his children alive at the time of his death." No mention of the loan to Edward was made in the will.

Some time in May, 1947, a proposed "Agreement" between Edward and his wife and the testatrix was drawn, providing that Edward and his wife would provide and maintain a home for testatrix as a member of their household "for a period determinable by and with the consent or at the desire and wish" of testatrix, and providing further that, if for any reason the agreement became impossible, testatrix was to have one-third of certain real property, the description of which was not inserted, or one-third of the sale value of the property if it should be sold. This agreement was never executed.

A further paper, dated June 10, 1947, was executed by Edward and his wife reading: "Because of love and affection and for valuable consideration we, the undersigned, agree to provide for our mother, Mrs. John Hope Sr. a home with us for life."

On or about June 10, 1947, petitioner purchased a house, which answered the requirements of testatrix, and after completion of necessary repairs, testatrix made her home with petitioner. In July, 1947, she went to visit her son John in Nashville, Tennessee, and died there on August 16, 1947.

It appears that testatrix was at no time a financial burden to either of her sons.

Subsequent to testatrix' death her two sons opened a metal lock box containing her more important papers and found,

among other papers, her will dated May 31, 1947, the receipt of Edward S. Hope dated February 10, 1947, and the paper signed by Edward and his wife under date of June 10, 1947. The receipt, together with an inventory of testatrix' money holdings as of June 1, 1947, was in a sealed envelope, marked to be opened at the time of her death.

The question for determination is whether or not the loan of $3,700, evidenced by Edward's receipt, should be considered an advancement deductible from his share of the estate under the will.

■ The general principle has been well stated in Old Colony Trust Co. v. Underwood, 297 Mass. 320, 8 N.E.2d 792, 793, as follows: "It is held with great unanimity that the doctrine of advancements, in the accurate use of that word, applies only in the event of intestacy, and that where the person making the advancement later makes a will containing provisions in behalf of the person to whom the advancement has been made, but not in any form of words preserving to the estate the benefit of the advancement, the will must be presumed to have been made with full knowledge of what had gone before and is therefore the final and controlling expression of the testator's purpose, and the legacies contained in it are not to be reduced by the amounts of the former advancements." (Citing cases.)

However, it is further stated in the same opinion: "It has been said, however, that the person receiving a gift or payment may bind himself by agreement to apply it on account of a legacy which is subsequently to be made in his behalf, so that to repudiate such agreement would be a fraud on his part. Jaques v. Swasey, 153 Mass. 596, 27 N.E. 771, 13 L.R.A. 566."

The loan involved in the Old Colony Trust Co. case was held by the court to come within the general principle, rather than the exception, in view of the long lapse of time between the loan and will, and other circumstances negativing the intent of the testatrix that the loan should be deducted from the legacy.

In Robbins v. Swain, 7 Ind.App. 486, 34 N.E. 670, the question presented was similar to that in the instant case. A legatee had given the testatrix two receipts for sums of money, acknowledged "'as part of such amount as she may see fit to bequeath to me at her death.'" A subsequent will bequeathed to legatee a stated sum of money, but made no mention of any sums advanced. The court there held that if the case stood alone on the will and the receipts, without explanation, the legacy should be reduced by the amount covered by the receipts; but that, in view of admitted statements of the testatrix subsequent to making her will that she intended the legatee to have the whole amount of the legacy, the legacy was not to be diminished by the amount of the receipts.

It is to be noted that in other cases where a receipt acknowledging a gift or loan as an advancement has been held not effective as to a legacy under a subsequent will, either the receipt was in terms applicable only as to a prior will or the circumstances have been such as to indicate that there was no intent on the part of the testator that the gift or loan should constitute an advancement under the subsequent will.

Petitioner argues that the court has no right to look to extrinsic facts in determining the effect of the receipts on his share under the subsequent will, that will being clear on its face.

■ It is true that, "The right to look at extrinsic facts is limited to an effort to understand what the testator meant when he wrote language which, upon its face and without explanation, is doubtful or meaningless." Baker v. National Savings & Trust Co., et al., D.C.Cir.1950, 181 F.2d 273.

■ However, in the instant case, the resort to extrinsic evidence is not for the purpose of interpreting the terms of a will, clear on its face, but for the purpose of interpreting the effect of the receipt as intended by the testatrix. As stated in Robbins v. Swain, supra, "The important consideration is the intention of

the testator", and "extrinsic evidence may be * * * admitted in order * * * to place the court as nearly as may be in the situation occupied by the testator, so that his intention may be determined from the language of the instrument as it is explained by the extrinsic facts and circumstances"; this notwithstanding the fact that the will was clear on its face and omitted mention of prior gifts for which the legatee had given receipts. In Harper v. Harris, 8 Cir., 294 F. 44, 47, 32 A.L.R. 727, extrinsic evidence was considered in determining whether a conveyance prior to a will was intended as an advancement.

It is the opinion of this court that the facts in this case clearly indicate the intent of testatrix that her two sons should share equally in her estate. This is apparent both from the terms of the will, and from testatrix' action in preserving the receipt and on June 1, 1947 (as evidenced by the accompanying inventory of that date), subsequent to execution of her will placing it in the sealed envelope where it would be found with the will, and marking it to be opened at the time of her death.

The other papers, namely, the draft of proposed agreement and the paper signed by Edward S. Hope and his wife, appear to be self-serving and without value in ascertaining the testatrix' intent either at the time of making the loan or at the time of making her will.

I, therefore, hold that the loan of $3,700.00 should be deducted from the amount due the petitioner under testatrix' will.