JOSEPH L. MARSHALL, Executor of the Last Will and Testament of Moses D. Marshall, deceased,

*vs.*

ISABELLA F. WEST and SAMUEL MARSHALL.

*Sussex, May 20, 1932.*

*James M. Tunnell,* for complainant.

*Daniel J. Layton,* for Samuel Marshall.

*Charles W. Cullen,* for Isabella F. West.

THE CHANCELLOR: First. Was the legacy adeemed by transfer and delivery of the two thousand dollars insurance policy?

"A legacy is not adeemed by a gift made before the execution of the will in which the legacy was given." This is taken from 28 *R. C. L., p.* 350, *par.* 346, and correctly states the general principle. It is supported by *Jaques v. Swasey,* 153 *Mass.* 596, 27 *N. E.* 771, 13 *L. R. A.* 566; *In re Crawford,* 113 *N. Y.* 560, 21 *N. E.* 692, 5 *L. R. A.* 71; *Zeiter v. Zeiter,* 4 *Watts* (*Pa.*) 212, 28 *Am. Dec.* 698; *Jones v. Richardson,* 5 *Metc.* (*Mass.*) 247. In the last cited case, Chief Justice Shaw states the reason for the rule to be that when a will is made, all prior advancements are considered merged, and that the testator must be deemed to have graduated the amount of his legacy with reference to prior advancements. He applied the rule to a case in which a daughter of the testator was the legatee. And in *Johnson v. McDowell,* 154 *Iowa,* 38, 134 *N. W.* 419, 38 *L. R. A.* (*N. S.*) 588, the principle was applied where the gift by the testator to the legatee was made after the will was executed, the testator not standing in the relation of *loco parentis* to the legatee. The instant case is the plainest and simplest which can be brought under the rule. For here, the testator was not in *loco parentis* in relation to the legatee, and the gift antedated the execution of the will. Of course if anything appeared which disclosed a clear intent that the gift should be an ademption of the legacy, the situation would be altered. But such intent cannot be evidenced by the bare circumstance of a legacy following after a gift *inter vivos.*

The first question is therefore answered in the negative.

Second. The legacy being not adeemed, is the real estate chargeable with a sum sufficient to supply the inadequacy of the personal estate to meet it, and should the executor undertake a sale of the land in order to raise funds to discharge the legacy? The executor has no interest in this question. He has no duty to perform with respect to the land. The court can decree a sale of land to satisfy a legacy charged upon it. But this can only be at suit of the legatee. This was expressly decided in *Rambo, Ex'r., v. Rumer, et al.,* 4 Del. Ch. 9, and *University of Delaware, et al., v. Equitable Trust Co., et al., ante p.* 335, 160 *A.* 754.

Though the question of whether the land is chargeable may present little, if any, difficulty, yet I shall refrain from expressing an opinion upon it. Such an opinion would be pure dictum. The proper procedure for raising it and the necessary parties to be joined therein, are indicated in *Rambo, Ex'r., v. Rumer, et al., supra.*

Decree in accordance with the foregoing.